ORR, appellant, *v.* HARDING et al., respondents.

PRACTICE — *dismissal of appeal — motion to re-instate.* An appeal that has been dismissed will not be re-instated on the motion of appellant, supported by his affidavit, showing that his neglect to perfect the appeal was caused by the verbal statements or agreement of the respondents.

*Appeal from the Third District, Meagher County.*

THE facts are stated in the opinion.

S. ORR, *pro se.*

CHUMASERO & CHADWICK, for respondents.

MURPHY, J.　This is an appeal from a judgment in favor of defendants, in the third district court, Meagher county, at its May term, 1869.

The transcript was filed in this court on the 4th of June, 1870, and at the August term thereafter, a diminution of the record was suggested, and the case continued at the cost of the appellant.

The perfected record, however, was not filed till the third instant, about twelve months afterward.

But, at the last January term of this court, the appeal was on motion dismissed, with leave to re-instate upon cause shown.

And the case is now before us on motion of appellant to re-instate, supported by his own affidavit, that "he was prevented from having the record perfected, by one of the defendants (Harding) asking him to hold on and not send the record until he (Harding) would see him (affiant) again with a view to compromise," and was, therefore, taken by surprise by the action of the court in dismissing the appeal.

Does this show such proper and sufficient cause as to warrant this court in sustaining the motion and re-instating the cause on the calendar?

We think not. This court cannot look to and be governed by such mere verbal outside requests, statements, understandings or agreements, between either parties or attorneys in a case not reduced to writing, raising no legal obligation, and of no binding effect upon the parties thereto.

Besides, the term at which the appeal was dismissed was permitted entirely to pass, without any steps whatever being taken to have the case restored, in compliance with rule second of the rules governing the practice in this court.

The motion to re-instate is overruled.

*Motion to re-instate denied.*