LOWELL ET AL., respondents, *v.* AMES ET AL., appellants.

SETTING ASIDE JUDGMENT — *Surprise, mistake and excusable neglect.* After the present case had been set for trial, the attorney for the defendants wrote to the opposing attorney requesting a continuance; before receiving an answer to his letter he left the place of his residence, and his whereabouts was unknown to the attorney for the plaintiff until it was too late for the latter to inform him that he could not

consent to the continuance; upon the day set for the trial, judgment was rendered for the plaintiffs. *Held*, that the judgment would not be set aside, as the facts did not show any surprise, mistake, or excusable neglect.

*Appeal from Second District, Beaverhead County.*

THE opinion states the facts.

H. N. BLAKE, for appellants, cites the following cases as authority for vacating this judgment: 33 Cal. 325; 34 id. 235; 41 id. 17; 49 id. 33; 53 id. 69; 62 id. 263; 60 id. 362; 61 id. 296; 12 Kan. 340; 13 Nev. 195–202; 16 id. 373.

STAPLETON, SMITH & KNOWLES, for the respondents.

WADE, C. J. This is an appeal from a judgment and an order overruling a motion made under section 114 of the Code of Civil Procedure to set aside the same on the grounds of surprise, mistake and excusable neglect. The cause was tried in the absence of the defendants, on the 16th day of October, 1884, at the October term of the district court in and for Beaverhead county, and a verdict and judgment rendered in favor of plaintiffs. It appears from the affidavits used upon the hearing of the motion that upon the 6th day of October, 1884, the attorney for the defendants wrote a letter at Virginia City, Montana, to the attorney of the plaintiffs at Dillon, Montana, fifty-five miles away, requesting that the cause be continued for the October term of said court, for the reason that the defendants' attorney could not be present or attend at said term, which was to commence on the 12th day of said month, on account of business elsewhere; that said attorney, before receiving an answer to said letter, and before an answer could have been received thereto, on the next day after the same had been written, to wit, on the 7th day of October, left said Virginia City for the Yellowstone valley, a long distance therefrom, to be absent an indefinite period of time, and at the date of the rendition of said judgment was one hundred and forty

miles from said Dillon, at which place said court was held and said judgment rendered; that the plaintiffs' attorney received said letter on the evening of the 7th of October, and immediately informed his clients (except one of them who was absent from town for a few days) of the contents thereof; that no answer could be given to said request for a continuance of the cause until the return of said absent client, and upon his return the plaintiffs' attorney informed him of the contents of said letter, and requested that he consent to a continuance of the cause for the term as a matter of courtesy to the defendants' attorney, but that said client would not so consent, and insisted upon a trial at the ensuing term, and employed another attorney to assist in the trial thereof; that from the time of so learning that his clients would not consent to a continuance of said cause until the rendition of said judgment, the said plaintiffs' attorney did not know where to write or send a telegram to said defendants' attorney, as he was traveling from place to place somewhere in eastern Montana, and his whereabouts was unknown.

The defendants' attorney insists that according to legal customs and professional courtesy, he was reasonably of the opinion that the silence of the plaintiffs' attorney in failing to reply to said letter was a continuance of said cause.

We know of no custom that would have justified such an opinion, and if it existed should have been proven. The silence of plaintiffs' attorney in failing to answer the letter could have amounted to no more than a verbal agreement to continue the cause made out of court, which could not have been considered by the court. *Orr* v. *Harding*, 1 Mont. 387.

It would have been unprofessional for the plaintiffs' attorney to have consented to a continuance without consulting his clients, and he did consult them at his earliest opportunity; and when they had refused his request for a continuance, he could not answer the letter, because the whereabouts of defendants' attorney was at that time un-

known.   Under such circumstances, the failure to answer a
letter requesting the continuance of a cause could not, if it
ever could, create the reasonable belief that the cause was
continued.

It does not appear where the defendants themselves were
during the time of and prior to said term of court.   Parties
having cases in court are bound to be present to attend to
them or present some valid excuse, such as a written agree-
ment or stipulation, signed by the parties, for a continuance,
or a physician's certificate of sickness, accounting for their
absence.

The defendants knew they had an important case in court.
They knew that it had not been continued by consent of the
plaintiffs.   The most they could have known about a con-
tinuance was that their attorney had written the plaintiffs'
attorney requesting a continuance and that their attorney
would be necessarily absent for the term.   Under such a
state of facts, there does not seem to be any excuse for their
absence from court, or any room for surprise that a judg-
ment was rendered against them.

We see no abuse of the legal discretion of the court in
overruling the motion to set aside and vacate the judgment
herein.

The order and judgment are affirmed, with costs.

*Judgment affirmed.*