HEARDT ET AL.. RESPONDENTS, *v.* McALLISTER, AP-
PELLANT.

JUDGMENT BY DEFAULT — *Motion to set aside — Due diligence.* — On a motion to open a default and set aside a judgment, it appeared that defendant was living at a remote place, fifty miles from the county seat, with his family temporarily sheltered in a tent; that he made a journey of thirty-two miles to place the matter of his defense in the hands of one B., his business associate, who immediately, and eight days before the defendant's time for answering expired, employed counsel, who prepared an answer containing an absolute defense on the merits; that at this time B. was laboring under financial troubles which caused him to forget defendant's business until the last day, when he verified the answer, which was promptly mailed to the clerk of the court, and filed on the evening of the day on which defendant's default was taken, and two days after his time for answering had expired. *Held,* that sufficient diligence was shown to entitle the defendant to be relieved from a judgment by default. (Cases of *Lowell* v. *Ames,* 6 Mont. 189; *Whiteside* v. *Logan,* 7 Mont. 373; *Donnelly* v. *Clark,* 6 Mont. 136; *Briscoe* v. *McCaffery,* 8 Mont. 336; *Benedict* v. *Spendiff, ante,* p. 85, cited.)

*Appeal from Fifth Judicial District, Jefferson County.*

Defendant's motion to set aside the judgment was denied by GALBRAITH, J.

Statement of facts, prepared by the judge who delivered the opinion.

On August 29, 1889, the complaint was filed. The summons issued thereon was served on defendant in the county where the action was commenced August 31st. His time to answer expired September 10th. No appearance was made by defendant on that day, and on September 12th, at the opening of court in the morning, his default was duly entered for want of an appearance. On the evening of that day, after the default was entered, the clerk of the court received by mail a duly-verified answer of the

defendant, which he retained and marked "filed" in the case. On January 13, 1890, on motion of plaintiffs, the court struck this answer from the files of the court. On January 14th the plaintiffs made some formal proofs to the court, and entered judgment against the defendant. January 27th, the defendant moved the court to set aside the judgment, open the default, and allow him to answer on the merits. The motion was supported by the presentation of the answer which he had formerly sent to the clerk, and by his affidavit. The answer thus presented is a complete and specific denial of the material allegations of the complaint, and sets forth a defense on the merits to the cause of action set up in the complaint. It is verified, and meets all the requirements of an affidavit of merits. In other words, if the matters set up in the answer are true, they are an absolute defense on the merits. A portion of the matter in the answer is confirmed by an affidavit of three persons purporting to be familiar with the facts.

The affidavit of defendant personally reiterates some of the matters of defense set forth in the answer, and refers to said answer. The affidavit then sets forth the following facts, which the defendant urges as showing his diligence in endeavoring to get his appearance into court: At the time when summons was served on him he was living at Homestake Gulch, fifty miles from the town of Boulder, the county seat of Jefferson County, in which the action was commenced, and sixteen miles from the city of Butte; that he was preparing to engage in cutting cordwood, and had his family temporarily lodged in a tent; that with due regard to the safety and health of his family he could not make the overland trip to Boulder; that one James Brown, of the city of Butte, was interested in the cord-wood business with defendant, and was a man of personal integrity and prompt business habits; that defendant went to Butte and delivered to Brown copies of the papers served on him the second day of September, and arranged with Brown to procure counsel, and attend to the defense of the action; that Brown engaged the services of counsel in Butte, who prepared an answer in ample time for the same to be forwarded to Boulder for filing; that at this time Brown was laboring under great financial and business troubles of his own, and owing to his disturbed state of mind thereby, he did not go to the office of counsel to verify the answer until September 10th,

the last day for appearing; that the answer, as appears by the verification itself, was sworn to on that day; that counsel then on said day mailed the same to the clerk of the court at Boulder, inclosing the clerk's fees due him for filing the answer; that the answer so mailed did not reach its destination until the 12th; that defendant did not know that he was in default until after judgment was rendered against him. The plaintiffs filed nothing in reply to this showing, and on the same, the court denied the motion to open the default on the twenty-seventh day of February. From this order the defendant appeals.

*McBride & Haldorn,* for Appellant.

*Cowen & Parker,* for Respondents.

DE WITT, J. — The filing of the answer, September 12th, was after the defendant's default had been duly taken in open court. Such filing was a nullity. The answer is before us, however, for another purpose, that is, as an exhibition of defendant's alleged meritorious defense. As such, it meets every requirement. An answer could not well have been framed, the matter in which, if true, would be a more thorough defense on the merits.

The motion to set aside the judgment was made in time. (§ 116, Code Civ. Proc.)

The only other consideration is whether defendant is entitled to relief from the judgment by reason of his mistake, inadvertence, surprise, or excusable neglect.   (§ 116, Code Civ. Proc.)

The matters set up in defendant's motion are undenied, and are taken by this court as true. The defendant was living at a remote place, fifty miles from the county seat. His family were temporarily sheltered in a tent, at the approach of winter.

He made a journey of thirty-two miles to Butte, and placed the matter of his defense in the hands of a business associate and responsible person, one James Brown. This was eight days before his answering time expired. Brown employed able counsel who prepared an answer at once. Personal disasters of a serious nature caused Brown to forget the business of defendant until the last day, September 10th. He then verified the answer, which was promptly mailed to the clerk of the court.

If a defendant, situated as this one was, and displaying the

diligence that he did, cannot be relieved from a judgment by default, against which judgment he has a perfect defense, it is difficult to conceive of a case in which a court would grant the relief. We cite the following cases in this court upon the subject generally: *Lowell* v. *Ames*, 6 Mont. 189; *Whiteside* v. *Logan*, 7 Mont. 373; *Donnelly* v. *Clark*, 6 Mont. 136; *Briscoe* v. *McCaffery*, 8 Mont. 336; *Benedict* v. *Spendiff*, *ante*, p. 85. The order is reversed with costs, with the direction to the District Court to set aside the judgment and allow defendant to answer.

BLAKE, C. J., and HARWOOD, J., concur.