## PINCUS, RESPONDENT, v. DOWD, APPELLANT.

[Argued June 30, 1891.  Decided July 27, 1891.]

PRACTICE — *Relief from judgment.* — Where a defendant in an action for unlawful detainer fails to file a written answer in the Justice's Court as required by section 769 of the Code of Civil Procedure, and judgment by default is taken against him after his time to answer had been extended seven times, and on appeal to the District Court judgment on the pleadings is rendered against him for want of an answer, an order of the latter court denying his motion to set aside the judgment and for leave to answer will be affirmed on appeal where no showing had been made of surprise, inadvertence, or excusable neglect nor proper relief sought in the Justice's Court.

*Appeal from Second Judicial District, Silver Bow County.*

Action for unlawful detainer.  Judgment was rendered for plaintiff below by McHATTON, J.

*W. I. Lippincott,* for Appellant.

*Francis J. McBride,* for Respondent.

DE WITT, J. — This is an action of unlawful detainer commenced in the Justice's Court, an action in which it is required that, even in the Justice's Court, the pleadings shall be in writing and be verified.  (Code Civ. Proc. § 769.)

The action was commenced August 15, 1889, and summons was served on defendant, August 17th.  On August 20th, by consent, defendant was given until August 28th to answer. August 28th, by consent, he was given until August 31st. August 31st, by consent, he was given until September 3d. Trial was set for September 5th at 10 A. M.  September 5th, 10 A. M. continued until 2 P. M.  September 5th continued until September 20th, and defendant to have until September 17th to answer.  September 17th, by consent, time to answer continued.  October 19th, trial set for October 22d.  Defendant had been given until October 15th to file answer.  The justice's record further shows that on October 22d, the time for answer on the part of John Dowd having expired, and no answer being filed, and said John Dowd having appeared in person, and stated to the court that he would not further contest said case in that court, the default of defendant was entered and judgment rendered against him.

Defendant then appealed to the District Court.  The case thus came into the District Court without an answer being among the files, and if the justice's record is correct, without an answer having been filed.  In the District Court plaintiff moved for judgment on the pleadings, for the want of an answer, which motion was granted, and judgment entered in that court for plaintiff.  Defendant moved the court to set aside the judgment, and give him leave to file an answer.  But the theory upon which the motion was made and heard seems to be, judging from the affidavits and all the record, that an

answer had been filed in the Justice's Court and lost, and no record made of it, and defendant desired to substitute an answer for that which he claimed had existed. The motion was denied. On the motion for judgment on the pleadings, and on the motion to set aside the judgment, there were a number of affidavits used. The tenor of the affidavits upon the part of the defendant was that an answer had been prepared and filed in the Justice's Court, while plaintiff denied that allegation by affidavits on his part.

It is impossible to reconcile the affidavits of the contending parties upon the theory that each stated the facts. The conflict is irreconcilable. The District Court weighed them, and declined to open the default or allow defendant to file an answer. In reviewing this action of the District Court, it is pertinent to observe that continuance after continuance was granted to defendant in the Justice's Court, and that time after time the defendant's time to answer had been extended, and that finally, when the case came to trial on October 22d, no answer being yet filed, defendant appeared in person, although he has at various stages of the case indulged in the luxury of five different lawyers, and stated that he would not further contest the case in that court. His words "in that court" had no significance. He was in that court, and that court alone had to do with the proceedings at that time. Judgment was then rendered against defendant, practically for the want of an answer.

He then appeals to the District Court, and there undertakes to show that he had filed an answer in the Justice's Court. As before remarked, his effort seems to have been to show that an answer had been filed in the case in the lower court, and he wished to substitute one for the one lost. The affidavit of one of the defendant's multitude of counsel states that he prepared, had verified by defendant, and filed in the Justice's Court, an answer on August 20th. To this effect also depose defendant and two other affiants. But the significant fact remains that on this very day, August 20th, time to answer was extended to August 28th, and after that extension six more extensions of time to answer were given. Why these seven extensions of time, if the answer had been filed on the date of the first extension?

It is apparent that the District Court believed that defendant and his affiants were wrong in their statements that an answer had been filed. There is, to our mind, ample intrinsic evidence in the record, as above recited, to justify our view that the action of the District Court in this regard was the exercise of a sound discretion. No showing was made of surprise, inadvertence, or excusable neglect that would justify the District Court in allowing an answer to be filed in that court originally, even if it were contended that that court might allow such answer after default and judgment in the Justice's Court, and no effort having been made in the Justice's Court to set aside such default, and ask leave to answer therein.

The judgment of the District Court is affirmed.

*Affirmed.*

BLAKE, C. J., and HARWOOD, J., concur.