JENSEN, APPELLANT, *v.* BARBOUR, RESPONDENT.

[Argued June 24, 1892.  Decided November 28, 1892.]

DEFAULT— *Right to withdraw motion — Notice.* — A motion to set aside a judgment by default may be withdrawn upon leave of the court without notice to the adverse party.

SAME— *Renewal of motion — Notice.* — Notice to the adverse party of an application for leave to renew a motion to set aside a default, which had previously been denied, is not required where the adverse party appears and is heard upon the motion.

SAME — *Same — Res judicata.* — Leave to renew a motion to set aside a default which has once been denied, may be granted by the court upon good cause shown; and the decision upon the former motion is not *res judicata* as to the subject-matter of the renewed motion.

SAME— *Same — Setting aside — Excusable neglect.* — It appeared in the case at bar that defendant, having intended to present a defense, miscalculated the date when his time to answer expired by reason of forgetting that February of that year had twenty-nine days; that upon what he supposed was the last day, being absent from the county, he telegraphed his counsel to represent him. His counsel, having left for the place where defendant then was, did not receive the message, but, having sought defendant upon his arrival, told him that a default had been taken against him. Defendant thereupon instructed his counsel to obtain a vacation of the default upon the ground of a defect in the summons, the papers being immediately prepared and forwarded in order to go on the calendar of the next motion day. At this time defendant was engaged as a witness and advising counsel in another case, and had but a few minutes for consultation with his counsel, and did not discover his mistake in calculating the time for appearance until after his release from court upon the following day. The motion in question was denied in the absence of defendant's counsel, so that he could not ask that it be denied without prejudice to its renewal upon additional grounds. *Held,* that there was no abuse of discretion (1) in granting defendant leave to renew the motion to vacate the default for the purpose of showing excusable neglect as an additional ground; or (2) in granting the motion upon such ground when heard upon its merits. (*Wallace* v. *Lewis,* 9 Mont. 399 ; *Heardt* v. *McAllister,* 9 Mont. 405, cited.)

*Appeal from Eighth Judicial District, Cascade County.*

Action for damages for personal injuries. Plaintiff appeals from an order by BENTON, J., granting defendant's motion to vacate a default and judgment. Affirmed.

Statement of the facts, prepared by the judge delivering the opinion.

The plaintiff appeals from an order setting aside a judgment by default, which judgment was in favor of plaintiff, and against defendant, for the sum of five thousand dollars and costs. The cause of action was for personal injuries sustained upon defendant's street railway line.

The summons was served January 20, 1892, in the county of Lewis and Clarke. Under the statute, the defendant had forty days in which to appear. A default was entered on March 10th, whereupon a hearing was had, and judgment entered as above set forth. There were three motions made to set aside this default, which motions are now discussed on this appeal. For the sake of description, they may be called the motions of March 14th, of March 21st, and of March 28th. The first motion was filed on March 12th. The only grounds for this motion were alleged defects in the summons. It was argued on March 14th, and on the following day denied. On March 21st, without asking leave so to do, defendant filed another motion to set aside the default. This motion was made upon defendant's affidavit, which set forth facts which defendant claimed showed inadvertence and excusable neglect in allowing the default to be taken. The affidavit also sets forth that he had a meritorious defense. On this motion plaintiff also filed an affidavit. This motion was heard on March 21st. On the same day the court, on motion of defendant, gave him leave to withdraw this motion. This leave was granted without notice to plaintiff's attorney. The record does not so state, but it seems that it must be that this motion was so withdrawn after it had been argued, for it could hardly be the fact that it was argued after it was withdrawn. As to this motion and its disposition, and its withdrawal, the record states as follows: "On the twenty-first day of March, the court made the following order, which was filed in writing on the twenty-fourth day of March, 1892, as a *nunc pro tunc* order." Then follows an order in writing, granting defendant's motion to set aside the judgment, and this order is dated March 21st, with the note that "it is ordered that the above order be entered *nunc pro tunc*." Then the record states as follows: "On the twenty-

first day of March, the court, after making the foregoing order, in the absence of plaintiff's counsel, and without notice to plaintiff's counsel, made the following *ex parte* order: 'On motion of Ed. L. Bishop, attorney for defendant, it is ordered that defendant be allowed to withdraw his motion to set aside the judgment and default.'"

The next step in the case was March 26th, when the judge made the following order: —

"Upon reading the annexed answer, and the affidavits of A. K. Barbour and Ed. L. Bishop, leave is hereby granted to defendant in the foregoing entitled action to renew the motion heretofore made in said action on the fourteenth day of March, 1892, to set aside and vacate the default and judgment rendered and entered in said action, upon the grounds stated in the annexed notice of motion.      C. H. BENTON, Judge.

"Dated March 26, 1892."

This order was made without notice to plaintiff's attorney. On March 26th the answer and affidavits mentioned in the order above recited were served on plaintiff's attorney, together with a notice of the motion of March 28th, to set aside the default and judgment. This motion embodied the grounds of the motion of March 14th, and also of March 21st; that is, that the summons was defective, and also that the judgment was taken through mistake, inadvertence, surprise, and excusable neglect of defendant. On March 28th this motion was heard and granted. It is from this order that the plaintiff appeals. Objections were made to the hearing of this motion, which need not be recited in this statement, as they are described and treated in the opinion below.

*F. C. Park*, for Appellant.

I. The denial of a motion to set aside a default and judgment is an adjudication binding upon the parties unless reversed or modified by an appellant tribunal, and estops the applicant from prosecuting a subsequent motion for the same purpose. (*Spitley* v. *Frost*, 15 Fed. Rep. 305; *Wilson* v. *McIntosh*, 30 Kan. 234; *Grier* v. *Jones*, 54 Ga. 154; *Smith* v. *Zalinski*, 94 N. Y. 524; *Riggs* v. *Pursell*, 74 N. Y. 370; *Dwight* v. *St. John*, 25

N. Y. 203; Bigelow on Estoppel [3d ed.], 28; Freeman on Judgments, § 325; *Ford* v. *Doyle,* 44 Cal. 635; Black on Judgments, §§ 691–692; *Page* v. *Esty,* 54 Me. 319; *Chichester* v. *Cande,* 3 Cowen, 39; 15 Am. Dec. 238; *Easton* v. *Pickersgill,* 75 N. Y. 599; *Greenwood* v. *Marvin,* 111 N. Y. 423; *Wingo* v. *Watson,* 98 N. C. 482; *Roulhac* v. *Brown,* 87 N. C. 1; *Turner* v. *Nachtsheim,* 71 Wis. 16; *Claggett* v. *Simes,* 25 N. H. 402; *Banks* v. *American Tract Society,* 4 Sand. Ch. 438; *Benz* v. *Hines,* 3 Kan. 390; 89 Am. Dec. 594; *Mitchel* v. *Allen,* 12 Wend. 290; *Dollfus* v. *Frosch,* 5 Hill, 493; 40 Am. Dec. 368; *Pike* v. *Power,* 1 How. Pr. 164.) When the facts remain the same the party whose motion has once been denied is estopped from renewing it. (*Ackerley* v. *Vilas,* 3 Biss. 342; *McConologue's Case,* 107 Mass. 171; *Bascom* v. *Feazler,* 2 How. Pr. 16; *Hall* v. *Emmons,* 39 How. Pr. 189; *Belmont* v. *Erie Ry. Co.* 52 Barb. 637; *Ray* v. *Connor,* 3 Edw. Ch. 478.) All the motions were appealable. If the former motions are not bars to later ones on the same facts and asking for the same relief, there is no finality to a decision of this court, for if it reverses the order of the lower court the respondent can again present the same facts in another motion and again obtain the same ruling. No affidavits were made showing any cause for a renewal of the first motion, as required by section 116 of the Code of Civil Procedure. No notice was given to the adverse party. Defendant did not exercise due diligence or he could have presented all the facts in the first motion. (Black on Judgments, § 692; *National Bank* v. *Hansee,* 15 Abb. N. C. 488; *Weller* v. *Hammer,* 43 Minn. 195.)

II. Was the discretion of the court below exercised impartially, guided and controlled by fixed legal principles? If not, it abused its discretion in vacating the judgment. (*Bailey* v. *Taaffe,* 29 Cal. 423; *Coleman* v. *Rankin,* 37 Cal. 247.) A mistake in a date is not a sufficient excuse for opening a default on the ground of mistake and inadvertance. The act or omission of the attorney is the act or omission of the client, and no negligence will be excusable in the former which would not be in the latter. (Black on Judgments, § 341; *Welch* v. *Challen,* 31 Kan. 696; *Smith* v. *Tunstead,* 56 Cal. 175; *Ordway* v. *Suchard,* 31 Iowa, 481; *Smith* v. *Watson,* 28 Iowa, 218; *People* v.

*Rains*, 23 Cal. 127; *Schroer* v. *Wessell*, 89 Ill. 113; *Babcock* v. *Brown*, 25 Vt. 550; 60 Am. Dec. 290; *Montgomery Co.* v. *American E. Co.* 47 Iowa, 91; *O'Connor* v. *Ellmaker*, 83 Cal. 452; *Baltimore & O. R. R. Co.* v. *Flinn*, 2 Ind. App. 55.) Although this court has not passed upon the point involved herein, yet there are reasons in two cases decided by it which go far to sustain appellant's position. (*Lowell* v. *Ames*, 6 Mont. 188; *Whiteside* v. *Logan*, 7 Mont. 373.)

*E. L. Bishop*, and *Toole & Wallace*, for Respondent.

I.   The doctrine of *res adjudicata* in its strict sense does not apply to motions made in the course of practice, and the court may upon a proper showing allow a renewal of a motion of this kind once decided; but the leave will rarely be given upon the grounds that the moving party can produce additional evidence in support of his motion, unless it also appears that a new state of facts has arisen since the former hearing, "or that the then existing facts were not presented by reason of the surprise or excusable neglect of the moving party." (*Ford* v. *Doyle*, 44 Cal. 637.)   A motion once passed on can be renewed by leave of court first had. (*Bowers* v. *Cherokee Bobb*, 46 Cal. 279; *Dollfus* v. *Frosch*, 5 Hill, 493; 40 Am. Dec. 368; *Kenney* v. *Kelleher*, 63 Cal. 444; *Belmont* v. *Erie Ry. Co.* 52 Barb. 637; *Butts* v. *Burnett*, 6 Abb. Pr. N. S. 302; *Allison* v. *Whittier*, 101 N. C. 490; *Riggs* v. *Pursell*, 74 N. Y. 370; *Harris* v. *Brown*, 93 N. Y. 390.)   Such leave may be given by the judge at chambers upon *ex parte* application. (*Kenney* v. *Kelleher*, 63 Cal. 444; Code Civ. Proc. div. 1, Mont. Comp. Stats. § 704.)

II.   The facts set forth in respondent's affidavits, and the affidavit of his attorney, in the court below were sufficient to justify the court in setting aside the default and judgment, and sufficient diligence was shown to entitle the defendant to relief from the judgment. (*Heardt* v. *McAllister*, 9 Mont. 405; *Benedict* v. *Spendiff*, 9 Mont. 85; *Whiteside* v. *Logan*, 7 Mont. 375.) Under our statute it lay with the trial judge to pass upon the question of whether or not there was good cause for setting aside the judgment, and also to reconcile the contradictions in the papers used upon the hearing of the motion, and that the

order of the trial judge must be upheld. (*Whiteside* v. *Logan,* 7 Mont. 374.) The granting or refusal of a motion to set aside a judgment by default is discretionary with the lower court, and unless this discretion is abused the order will not be reversed. (*Briscoe* v. *McCaffery,* 8 Mont. 340; *Bailey* v. *Taaffe,* 29 Cal. 423; *Coleman* v. *Rankin,* 37 Cal. 247; Black on Judgments, § 354; Freeman on Judgments [4th ed.], § 160; *Allison* v. *Whittier,* 101 N. C. 490; *Garner* v. *Erlanger,* 86 Cal. 60; *Howe* v. *Independence etc. Co.* 29 Cal. 72; *Buell* v. *Emerich,* 85 Cal. 116; *Cameron* v. *Carroll,* 67 Cal. 500; *Roland* v. *Kreyenhagen,* 18 Cal. 455; *Clavey* v. *Lord,* 87 Cal. 413.)

De Witt, J.—It is not quite clear from the record when the *nunc pro tunc* order of March 21st was actually made. Respondent, in his brief, assumes that it was actually made on March 24th, *nunc pro tunc* of March 21st. Appellant, in his reply brief, does not controvert this assumption. If this be correct, then the court granted the motion of March 21st after it had been withdrawn. This would be something very unusual. The record says that the order was made March 21st, and was filed in writing March 24th, and that the leave to withdraw the motion was made after the order granting it. The facts seem to be that the motion to set aside the default was made, argued, granted, and withdrawn by leave of court, all on the same day, namely, March 21st. When the motion of March 28th, described in the statement above, came on for hearing, plaintiff, among his objections to the hearing of that motion, took the ground that the leave to withdraw the motion of March 21st was granted without notice to plaintiff.

Appellant does not refer us to any statute or any decision to the effect that he was entitled to notice of defendant's application to withdraw this motion. Everything in reference to the motion of March 21st occurred on one day, and, it would appear, at about the same time. Many orders may be made, and are made, *ex parte,* and without notice to any one. Plaintiff may even dismiss his whole action if no counter-claim has been pleaded. We know of no provision requiring him to give notice to the opposite side of such action on his part, and we see no reason to hold that such notice must be given. The

making of this motion of March 21st was the asking by defendant for something which would be favorable to him; that is, to relieve him from default judgment. The granting of that motion was the granting to him of that which would be of benefit to him. If he chose to withdraw his application for this benefit, if he says, "I do not want this benefit for which I have been asking," it would seem that he might do this without notifying the other party, when there is nothing in the statute requiring him so to do. His withdrawal of this motion left the other party just where he was before the motion was made. In the absence of any reason being shown why such notice should have been given, we shall hold that it was not required.

On March 26th the court, upon a showing by affidavits, granted leave to defendant to renew the motion of March 14th —the first motion. Appellant claims that this leave was granted without notice to him. There was notice to plaintiff of the motion itself, and he was heard upon the motion. He had no complaint in that respect. He only complains that he was not notified that the defendant would ask leave to make the motion. We can say of this point, as of the last one discussed, that appellant has not shown us any reason, or any statute, or any authority, to the effect that there is required to be a notice to the opposite party for an application for leave to make the motion. No rights were affected by the leave granted, and the position of no one was changed. When it came to the hearing of the motion itself, the plaintiff did have notice, and appeared.

Again, appellant contends that it was error to grant, on March 26th, the leave to renew the motion of March 14th, because the decision of the motion of March 14th was *res adjudicata* as to the subject-matter of the motion of March 28th. We are satisfied from an examination of the numerous authorities cited by counsel in their briefs that the motion of March 14th might not be renewed, except upon leave of the court. But the adjudicated cases do not hold that a motion once decided, cannot, at the same term, be again presented, by leave of court obtained, nor do the cases decided hold that such leave of court should not, under any circumstances, be granted. On the con-

trary, it is held that such leave to renew may be granted upon good cause shown; that is to say, if, on the proposed motion of March 28th, the moving party set up grounds which he did not present upon the motion of March 14th, by reason of excusable neglect, the court, or the judge, as the case may be, may grant him leave to renew the motion, and that such granting of leave is an exercise of discretion, which will not be disturbed, unless there has been an abuse thereof. (*Belmont* v. *Erie Ry. Co.* 52 Barb. 637, and other cases cited therewith in respondent's brief.) The question was simply as to the renewal of the motion of March 14th. The motion of March 21st was out of the way by its withdrawal.

The facts set forth in defendant's application of March 26th, and which came before the court in his motion of March 28th, we will state for two purposes: *First*, to ascertain whether the court abused a discretion in granting leave to renew the motion of March 14th; and, *second*, to ascertain whether the court abused a discretion in granting the motion of March 28th, when it was heard upon its merits. The motion was made upon the summons, and a verified answer of defendant, setting forth a meritorious defense, and upon the affidavits of defendant and his counsel, E. L. Bishop. By these papers the following facts appear: The summons was from the Eighth Judicial District Court of Cascade County. It was served January 29th, in Lewis and Clarke County. Under the law, the time to answer expired on March 9th. Defendant calculated the time in which he must appear as expiring on the 10th of March. He figured the days as of an ordinary year, forgetting that the year was a leap year, and that February had twenty-nine days. He thus made the mistake of noting the 10th of March, instead of the 9th of March, upon his office calendar. He intended, however, as he says, to appear before the expiration of the time, and take such steps as were necessary to present his defense. About March 4th he was called as a witness in the District Court of Lewis and Clarke County, at Helena, in a case in which he was also advising counsel, but not counsel of record. He was an attorney at law. He was constantly engaged in that case until after March 10th. On the morning of March 10th his entry on his calendar reminded him that that was the last day for his

appearance in the case at bar. He immediately telegraphed to
E. L. Bishop, attorney at law, at Great Falls, the county seat
of Cascade County, and the place where the court was held,
requesting him to appear and represent him in the case. About
five o'clock in the afternoon of that day said Bishop appeared
at the court-house at Helena, and told defendant that a default
had been taken against him. The defendant was engaged in
the lawsuit above mentioned, at the Helena court-house, and
had but a few minutes to advise with Bishop. He told him
that he thought the summons was defective, and requested him
to appear, and take such steps as were necessary. Not until
the following day did defendant have opportunity to advise
Bishop as to his (defendant's) error in calculating the time in
which to appear. In fact, Bishop did not know anything
about this at that time. Nor does it appear that at that time
it occurred to the defendant that his default had been taken by
virtue of his mistake in calculating the time. Bishop had left
Great Falls on the morning of the 10th, and had come to Helena
on business of his own. He did not receive Barbour's telegram.
He heard in Great Falls, before leaving, that defendant's default
had been taken. He had heard Barbour say that he had
intended to defend the case, and so sought him in Helena,
about five o'clock in the afternoon, and gave him the infor-
mation. He found Barbour engaged in a lawsuit in the court-
room, and discussed with him, or advised with him, as to the
motion to open the default. Barbour told him his opinion as
to the defect in the summons, and requested him to take such
steps as were necessary. Bishop says that, in order to get his
motion on the motion calendar of the Eighth Judicial District
Court for the following motion day, it was necessary to prepare
and forward it to Great Falls for filing at once. He therefore
did so, making the grounds for the motion the alleged defect in
the summons only. The next day, when Barbour was released
from the case in the Helena District Court, he gave to Bishop
the facts as to the mistake in calculating the time in which to
appear; but in the mean time the motion had gone to Great
Falls for filing, setting forth the one ground of motion only.
This motion was denied on March 14th, in the absence of
defendant's attorney, so that attorney had no opportunity to

ask the court to deny it without prejudice to renew the motion, or to make another motion upon additional ground.

All of these facts, as recited, were presented to the judge of the Eighth Judicial District Court on March 26th, and on this showing he granted the leave to renew the motion of March 14th. This was a matter of discretion. If the judge was satisfied that there was excusable neglect in not bringing forward all the grounds for the motion in the first instance on March 14th, he might grant leave to renew the motion so as to present those other grounds. (*Ford* v. *Doyle,* 44 Cal. 637, and cases last above cited.) If defendant's counsel had been present when the motion of March 14th was decided, it can not be doubted that the court, at his request, would have denied the motion without prejudice to renew the same. (*Wallace* v. *Lewis,* 9 Mont. 399.) As counsel did not have opportunity to make the request on March 14th, and as the granting on March 26th, of leave to renew, is a matter of discretion, we are not prepared to say that there was abuse of this discretion by the judge of the lower court.

We therefore come to the motion of March 28th as *res integra.* It may be observed here that the facts as we have recited them are not wholly uncontroverted. Plaintiff's attorney made an affidavit, which was before the court, "but it was for the trial judge to reconcile contradictions, and to exercise his discretion in the matter." (*Whiteside* v. *Logan,* 7 Mont. 381; *Pincus* v. *Dowd,* 11 Mont. 88; *Bernard* v. *Herzog, ante,* p. 519.) In comparing the facts of this case with those of the other cases decided in this court upon the question of setting aside defaults (which cases are collected in *Heardt* v. *McAllister,* 9 Mont. 405), it is to be observed that the question in the case at bar is whether the District Court abused a discretion in setting aside the judgment.

Appellant cites the following cases: *Lowell* v. *Ames,* 6 Mont. 189; *Donnelly* v. *Clark,* 6 Mont. 135; *Briscoe* v. *McCaffery,* 8 Mont. 337; *Elliott* v. *Shaw,* 16 Cal. 377; *Welch* v. *Challen,* 31 Kan. 696; *Smith* v. *Tunstead,* 56 Cal. 175; *Smith* v. *Watson,* 28 Iowa, 218; *People* v. *Rains,* 23 Cal. 128; *Schroer* v. *Wessell,* 89 Ill. 113; *Babcock* v. *Brown,* 25 Vt. 550; 60 Am. Dec. 290; *Robertson* v. *Bergen,* 10 Ind. 402; *Langdon* v.

*Bullock,* 8 Ind. 341; *Grootemaat* v. *Tebel,* 39 Wis. 576; *Garner* v. *Erlanger,* 86 Cal. 60; *O'Connor* v. *Ellmaker,* 83 Cal. 452; *Baltimore & O. R. R. Co.* v. *Flinn,* 2 Ind. App. 55. It is to be observed that in each one of these cases the application to open the default had been denied by the lower court, and the appellate court affirmed such denial, holding that there was no abuse of discretion below; so the facts of those cases are not, by necessity, precedents, where the appellate court, as in the case at bar, is asked to hold that the court below abused a discretion in granting the motion to open the default.

Furthermore, appellant cites *Coleman* v. *Rankin,* 37 Cal. 247. The lower court denied the motion, and the appellate court held that there was no abuse of discretion. In *Stilson* v. *Rankin,* 40 Wis. 527, cited by appellant, the motion to open the default was granted by the lower court, and reversed by the appellate court, principally upon the ground that there was no showing of a meritorious defense. The other case which appellant presents is *Bailey* v. *Taaffe,* 29 Cal. 423. Here a motion to open the default was granted, as in the case at bar. The order granting it was reversed by the appellate court. A reading of the record discloses what seems to be a clear case of abuse of discretion by the lower court; an abuse which seemed so manifest that an explanation is appended in a note, in order that injustice may not be done the judge of the lower court. This note explains that the order of the judge below was practically a *pro forma* one. But some of the remarks in that case are pertinent as follows: "The discretion intended, however, is not a capricious or arbitrary discretion, guided and controlled in its exercise by no fixed legal principles. It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve, and not to impede or defeat, the ends of substantial justice. In a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates. If it be doubted whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit *in foro legis,* when examined under those rules of law by which judges are guided to a conclusion, the judgment of the lower court will not be disturbed."

In the case at bar we are of opinion that discretion had some office to perform, and, that under the facts shown on the motion of March 28th, there was no abuse of discretion in the court below, in opening the default. · (*Heardt* v. *McAllister*, 9 Mont. 405, and cases therein cited.)

The order is therefore affirmed.

*Affirmed.*

BLAKE, C. J., and HARWOOD, J., concur.