MANTLE, Appellant, *v.* LARGEY, Respondent.

[Submitted January 29, 1896.  Decided February 3, 1896.]

Judgment—*Default—Action—Excusable neglect.*—Where two cases under the same title and involving the same subjects were filed in different departments of the same court, and the defendant informed his counsel that he had been sued by the plaintiff and asked him to look after the case, and the counsel, not understanding that there were two cases, found one of the cases in which he appeared, without making further search, it was not an abuse of discretion to vacate a default judgment taken against the defendant in the other case on the ground of excusable neglect.

*Appeal from Second Judicial District, Silver Bow County.*

Defendant's motion to vacate the judgment was granted by Speer, J.  Affirmed.

Statement of the case by the justice delivering the opinion.

This is an appeal from an order of the district court setting aside the default of the defendant, and the judgment in favor of plaintiff in pursuance to that default.  There are a number of questions which have been argued upon the appeal, among them the claim that the summons in this case was insufficient. But we are of opinion that the order of the district court may be sustained, upon one proposition only.  It appears by the record that the plaintiff commenced two suits against the defendant.  Each suit involved matters concerning the relations of the plaintiff and defendant as to a piece of mining property, called the "Speculator Lode Mining Claim."  The defendant, being served, went to his counsel, Mr. McBride, and informed him of that fact, and requested him to look after his case. There are two departments of the district court in Silver Bow county, where these actions were commenced.  Counsel went to department No. 1, and found the suit, filed under the title of *Lee Mantle* v. *Patrick A. Largey.*  He appeared in that case, pursuant to the instructions of his client.  The other case, with precisely the same title, but with a different number, and also involving the relations of the parties to the Speculator mining claim, was in department No. 2 of the same

court.    Mr. McBride did not discover the case in department
No. 2.    He did not understand that there were two cases com-
menced.    Finding the case in department No. 1, and hav-
ing appeared therein, he supposed that he had performed his
duty under his retainer.    Long afterwards he discovered the
case in department No. 2, and also discovered the fact that
Mr. Largey was in default in that case.    He then at once in-
formed the counsel of Mr. Mantle of the facts.    Some conver-
sations ensued between counsel on both sides, which we do not
think are material in the decision of this appeal.    Mantle's
counsel proceeded to take default in this case, which was the
case in department No. 2.    Application was made to open the
default.    The facts above recited were shown.    The court
granted the motion, and set aside the judgment, and opened
the default.    From this order the appeal is taken.

*Corbett & Wellcome,* for Appellant.

*F. T. McBride,* for Respondent.

DE WITT, J.—We are very clearly of opinion that this order
must be sustained.    Such orders are largely in the discretion
of the trial court.    There surely was no abuse of discretion in
this case.    The two cases were filed under the same title, and
involved the same subjects.    They were in different depart-
ments of the same court.    Defendant's counsel was informed
that he (defendant) had been sued in the matter of the rela-
tions of the parties to the Speculator mining claim.    As coun-
sel did not understand that there were two suits, and as he did
find one, and appeared therein, we think that it was excusable
neglect that he did not discover the other suit, by the same
title, involving to some extent the same subjects, and in the
other department of the court.    It is true that defendant's
counsel did not make application to be allowed to appear in
this case at once upon discovering that the time for appearing
had expired.    But we are of opinion that it fairly and honestly
appears that he omitted to do so wholly by reason of negotia-
tions pending between the parties.

Argument has been made upon the construction of the language used in the affidavits of the defendant and his counsel. But we are of opinion that the whole matter fairly appears as above recited. Under those facts, the order of the district court, setting aside the default and the judgment, must be sustained.

*Affirmed.*

PEMBERTON, C. J., concurs.