BUTTE BUTCHERING CO., RESPONDENT, v. CLARKE
ET AL., APPELLANTS.

[Submitted March 11, 1897. Decided March 22, 1897.]

*Appeal—Transcript—Practice on Motion to Vacate Default—
Defect in Summons— Waiver.*

APPEAL—*Transcript.*—On an appeal from a judgment entered upon an amended complaint, it is not necessary to include in the transcript the original complaint, the demurrer thereto, or the order made by consent sustaining the demurrer.

SAME—All motions and orders referred to in affidavits used on a motion to open a default should be made a part of the transcript on appeal from an order denying such motion.

OPENING DEFAULT JUDGMENT.—Affidavits may be filed contradicting the matters set forth to excuse a default in answering.

SAME.—*Held*, on tl e facts presented by the record, that the order refusing to set aside the default would be sustained.

JUDGMENT BY DEFAULT.—It will not be assumed that in entering judgment by default the court below did not comply with the law.

SUMMONS—*Waiver of Defect.*— Where defendant has appeared generally by demurrer, a judgment will not be reversed for a defect in the summons.

*Appeal from District Court, Silver Bow County. William
O. Speer, Judge.*

ACTION by the Butte Butchering Company against S. H. H.
Clarke and others, receivers of the Union Pacific System.
From an order denying their motion to vacate a judgment by
default, defendants appeal. Affirmed.

Statement of the case by the justice delivering the opinion.

This was an action to recover the value of 84 head of calves.
In the court below respondent (plaintiff) filed a complaint, and
summons was issued thereon. Appellants (defendants) appeared and demurred to the complaint. The record on appeal
shows that the demurrer was sustained by consent, and that
thereupon an amended complaint was filed. To this amended
complaint appellants, on November 9, 1894, interposed a motion. What the character of this motion was nowhere appears
in the record, save in certain affidavits which are set forth
later in the statement. This motion was argued and submitted

on February 2, 1895.   It was overruled on March 23, 1895, and the appellants were allowed 10 days in which to file an answer.   No answer was filed.   On June 18, 1895, a default was entered against all the defendants, and on the next day judgment taken against them.   On June 29, 1895, a motion was filed to set aside the default, which was denied on September 14, 1895.   Appellants tendered an answer, and filed an affidavit of the attorney who had represented them, in support of the motion to set aside the default.   The affidavit sets forth that, after the filing of the motion of November 9, 1894 (which is described in the affidavit as a motion to require the plaintiff to elect upon which cause of action it would stand), the attorney for appellants was a member of the legislature, and while a member of the legislature said motion was taken up, submitted to the court, and overruled.   "The affiant says he does not remember of cons·nting to the taking up and submission of the said motion; that he does not remember of ever having any notice of the submission of the said motion, and did not know that the said motion had been taken up and submitted until after the default had been entered herein.   Affiant further says that, upon his return from the legislature, he supposed that the said motion was still pending, but made no effort to have it disposed of for the reason that, some time prior to the default herein,   negotiations had been in progress between the general agent and the plaintiff, looking to a settlement of this case; that, a few days prior to the default being entered, the affiant was approached by a representative of the plaintiff with a view to affecting a settlement of this case. After some conversation was held in respect to the matter, it was understood that the said representative of the plaintiff should see the general agent of the defendants, who had authority to settle the case.   Affiant says that he had every reason to believe the said representative of the plaintiff would see the said general agent, and that the case would be settled. With this impression and understanding affiant went to Helena, where he had important business in the supreme court; and that while he was so engaged, and without further notice,

the default and judgment were made and entered herein. Affiant further says that, but for his understanding that the case would be settled, he would have filed an answer.'' The counter affidavit filed in behalf of respondent sets forth that for the convenience of the attorney for appellants the hearing of said motion for election had been postponed from time to time; that no less than three times appellants' attorney had been notified of the motion being set for hearing, and that finally said attorney appeared in person and argued said motion on February 2, 1895; that after the argument and submission of the motion, which was taken under advisement by the court, appellants' said attorney stated to the court that, inasmuch as he was a member of the legislature, and might not be present at the time of the decision of the motion, he would like 10 days to answer in the event of the ruling being adverse to his clients.   It is also stated in the affidavit that the legislature adjourned *sine die* on March 7, 1895. The amended complaint contained three counts.   The first count alleges a contract between plaintiff and defendants whereby the latter agreed to transport 84 calves for plaintiff from a point in Utah to Butte, Montana.   It alleges a breach of the contract in the delivery of said calves, ''to the damage of plaintiff in the sum of $541.20.''   It admits a credit on account of the damages in the sum of $147.95.   The second count alleges a contract, and avers a breach as to the delivery of the calves, and also sets forth that appellants butchered said calves, and converted the same to their own use, and that the value of said calves so converted was $541.20, on which there is a certain credit. The third count alleges a contract, a breach, and avers a conversion and the value of the calves as in the second count.   It further alleges that defendants agreed to pay plaintiff for said calves and have not done so in full.   The judgment is as follows :   ''[Title of Court and Cause.]   In this action, the defendants S. H. H. Clarke, Oliver W. Mink, E. Ellery Anderson, John W. Doane and Frederick R. Coudert, receivers of the Union Pacific System, and the said Union Pacific System, having been regularly served with summons, and having ap-

peared in this action by their attorneys, Shropshire & Bur-
leigh, by motion, and their said motion having been by the
Court overruled, and the time for answering having expired,
and the default of the said defendants in the premises having
been duly entered according to law, now, on this day, on ap-
plication of F. T. McBride, attorney for said plaintiff, it is
ordered that judgment be entered herein against the said de-
fendants S. H. H. Clarke, Oliver W. Mink, E. Ellery Ander-
son, John W. Doane and Frederick R. Coudert, receivers of
the said Union Pacific System, as such receivers and against
the said Union Pacific System, in accordance with the prayer
of plaintiff's complaint on file herein.    Wherefore, by reason
of the law and the premises aforesaid, it is ordered and ad-
judged that the Butte Butchering Company, the plaintiff
herein, do have and recover of and from the said defendants
S. H. H. Clarke, Oliver W. Mink, E. Ellery Anderson, John
W. Doane and Frederick R. Coudert, receivers of the Union
Pacific System, as such receivers, and the said Union Pacific
System, the sum of three hundred and ninety-three and 25-100
dollars, and plaintiff's costs herein, taxed at nine dollars.
[Signed.]'' This appeal is from the order denying a motion
to set aside the default, and from the judgment in behalf of
plaintiff.

*J. S. Shropshire*, for Appellants.

*F. T. McBride*, for Respondent.

BUCK, J.—At the time this appeal was argued, counsel for
respondent by formal motion suggested a diminution of the
record, and asked that the same be corrected by the insertion
of copies of the following papers :   The original complaint
and defendants' demurrer thereto, and the order overruling
the same; defendants' motion to elect upon which count in its
amended complaint plaintiff would stand; the order overruling
said motion; and the order overruling defendants' application
to set aside the judgment.   It is not necessary that this tran-
script on appeal should set forth the original complaint, the

demurrer thereto, or the order made by consent sustaining such demurrer. The amended complaint superceded the original complaint filed. (See *Raymond* v. *Thexton*, 7 Mont. 299, 17 Pac. 258.) The transcript, however, should contain a copy of the motion to elect, or some more formal description of it than it does. The mere reference to it in the affidavits on the motion to set aside the default is not a proper method of presenting it to the consideration of this court. So, also, the court's orders overruling said motion, and the application to set aside the default, should be set forth with more formality than they are. The transcript in reference to these two orders is as follows :

Record of the Proceedings in This Cause as is Found in the Register of Actions.

1894.

| | | | |
|---|---|---|---|
| Nov. | 1. | Motion. | Amended complaint filed. |
| " | 9. | " | Motion filed. |
| Dec. | 29. | " | Set for January 5, 1895. |
| 1895. | | | |
| Feb. | 2. | " | Argued and submitted. |
| Mar. | 23. | " | Overruled, exception; defendants given ten days to answer. |
| June | 18. | | Cause on calendar and default of all defendants entered. |
| " | 29. | | Motion to set aside default filed. |
| Sep. | 7. | " | Set for September 14, 1895. |
| " | 14. | " | Heard and overruled. |

Respondent was in a position to insist upon the defects aforesaid being supplied by appellants. But it is conceded that these defects can be supplied, and, inasmuch as our decision is in favor of respondent, we will treat the appeal as if there were no such defects in the record.

Appellants' first objection is that the court erred in not setting aside the default. Even excluding any consideration of the counter affidavit filed by respondent, no sufficient excuse is shown by appellants for their neglect to file an answer. The

answer should have been filed before April 3, 1895, but.it might have been filed at any time from April 2 to June 18, 1895.    For a period of almost three months, appellants neglected to file their answer.    Strong, indeed, would have to be a showing justifying such neglect.    Courts, in the transaction of business, cannot be expected to consult the convenience of litigants, and wait upon the private business affairs of counsel. It is urged that the lower court had no right to take into consideration the counter affidavit of respondent on the motion to set aside the default, and in support of this contention counsel for appellants cites *Gracier* v. *Weir*, 45 Cal. 54, and *Francis* v. *Cox*, 33 Cal. 323.    This counter affidavit contradicted only the facts relied upon to excuse appellants' negligence, and in no manner the facts set up in the answer tendered as a defense to the action on the merits.    It would. be a strange doctrine to hold that a trial court could not pass upon the truth of an affidavit filed simply and for the sole purpose of excusing neglect.    Counsel misapprehends the authorities he cites on this proposition.    They simply enunciate a rule of law that, in passing upon a motion by a defendant to set aside a default, affidavits will not be entertained to contradict alleged facts which, if true, would constitute a defense on the merits.

Again, it is urged as a ground for reversal "that the judg- · ment was taken by default, without any proper application to the court for the relief demanded in the complaint; the same having simply been ordered on a motion of counsel for plaintiff, without proof and without findings."    Our attention has been called to no section of the statutes requiring a different application from the one apparently made, or proof or findings upon a default where the defendant has been personally served or has appeared.    But, whatever the rule, neither from the recitals in the judgment in this transcript, nor from anything else therein, can we infer or assume that the lower court did not comply with the law.

Another objection urged is that the judgment is a joint one, and entered against one not a party to the suit, namely the "Union Pacific System."    The action was instituted against

certain persons in their representative capacities as receivers of certain railroad corporations, which are alleged in the complaint to have constituted the Union Pacific System. It is against such persons, and not the railroad companies of which said persons were receivers. Appellants virtually admit, in this particular connection, that the judgment would be valid as to such persons in their representative capacities as receivers, if the Union Pacific System was not bound therein as as party. Under the phrase ''Union Pacific System'' the railroads constituting said system would not be bound by the judgment.

Appellants ask us to consider the summons. But this we cannot do. Whatever defects there are in the summons and the return thereon, they were waived when the defendants appeared and demurred to the original complaint.

The objection that the complaint does not support the judgment is untenable. The first count is for a breach of contract. It is sufficient to support the judgment. The second count sounds, in one view of it, in conversion; and appellants insist that it does not state a cause of action, because it fails to aver any ownership of the calves in plaintiff. It, however, expressly alleges a contract between the plaintiff and appellants for the transportation of the calves, and a breach thereof. It may be defective or ambiguous, but not radically so. The third count is also sufficient.

We cannot consider the answer tendered on the motion to set aside the default. The judgment is affirmed, and appellants must pay the costs of this appeal. The cause is remanded, however, with directions to the lower court to strike from the judgment the language making the Union Pacific System a party thereto.

HUNT, J., concurs.   PEMBERTON, C. J., not sitting.