JOHN EAKINS ET AL., APPELLANTS, *v.* JAMES W. KEMPER, RESPONDENT.

[Submitted May 20, 1898. Decided May 30, 1898.]

*Judgment—By Default—Vacating.*

In an action of forcible entry and unlawful detainer, a judgment by default was taken and defendant moved to set aside the same. It appeared upon the motion that the action was commenced in the district court and that the defendant retained attorneys to represent him and gave them the summons and complaint served upon him and also told them the date of service; it further appeared that the summons in such

case is made returnable not less than four nor more than twelve days after the date of the summons; that the attorneys for defendant read the prayer of the complaint which was served with the summons, and from that concluded that the action was one of ejectment in which class of actions defendant would have 20 days within which to answer: *Held*, that an order setting aside the judgment by default was not an abuse of discretion, and would not be disturbed.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by John Eakins and the Butte Sewer-Pipe & Tile Company against James W. Kemper. From an order setting aside a judgment by default, plaintiffs appeal. Affirmed.

Statement of the case by the justice delivering the opinion.

This was an action by the plaintiffs to recover the possession of certain premises and mining claims, and for damages for the detention of the possession of such property and premises from the plaintiffs. The suit was instituted under the statutory authority providing summary proceedings for obtaining possession of real property, and defining what constitutes guilt of forcible entry and of forcible detainer. (Section 2080 *et seq.* Code of Civil Procedure).

The plaintiffs' complaint was filed April 19, 1897. Summons was issued on that day, requiring defendant to answer on or before April 26, 1897, or to submit to judgment by default. The summons was duly served on April 19th.

On April 27, 1897, the default of the defendant was entered, said defendant having made no appearance whatsoever. Judgment was entered on the same day in favor of plaintiffs, and against the defendant; and it was ordered that the plaintiffs recover from the defendant the possession of the certain premises described in the complaint, and that the plaintiffs be restored to the possession of said premises and mining claims. It was also further ordered that the plaintiffs' damages be trebled, and judgment in their favor was rendered in the sum of $975. with interest and costs.

On April 28, 1897, execution was issued upon the judgment referred to, and the plaintiffs were restored to the possession of the premises described in the complaint.

On May 3, 1897, the defendant moved to vacate and set aside the judgment, on the ground that it had been entered against him through his mistake, inadvertence, surprise, and excusable neglect, and for the reason that he had a just and meritorious defense to the action. The answer submitted with the motion to set aside the default, contained denials of the averments in the complaint, which denials, if true, constituted a sufficient defense. The affidavits filed in support of the motion contained facts as set forth in the opinion of this court.

The district court, on May 6, 1897, set aside the judgment theretofore rendered, and made an order restoring defendant to the possession of the premises from which he had been dispossessed by virtue of the judgment of the court.

Plaintiffs excepted to the action of the court, and appeal from the order setting aside and vacating the default, and setting aside and vacating the judgment entered therein, and from the judgment.

*J. O. Bender,* for Appellants.

(Citing: *Thomas* v. *Chambers,* 14 Mont. 423; *Hagen* v. *Lorentz et al.,* 13 Mont. 406; *City of Helena* v. *Brule et al.,* 15 Mont. 429; *Herbert Importing Company* v. *Hogan,* 16 Mont. 384; *Dusy* v. *Prudom et al.,* 30 Pac. 798; *Martin* v. *DeLodge,* 15 Mont. 343; *Chambers et al.* v. *City of Butte,* 16 Mont. 90; *Butte Butchering Company* v. *Clark,* 19 Mont. 306; *Sherman* v. *Jorgensen,* 39 Pac. 863; *Williamson* v. *Cummings Rock Drill Co.,* 30 Pac. 762.)

*J. L. & M. L. Wines,* for Respondent.

HUNT, J. So far as material to the question presented in this case for decision, the affidavit of the defendant, Kemper, after setting forth somewhat in detail the facts upon which his case was based, and wherein he avers his own possession of the ground described in the complaint and the entry thereon during the temporary absence of his (the defendant's) cus-

todian of the property, proceeds substantially as follows: Affiant says that after he was served with summons, in the afternoon of April 19th, he delivered it to J. L. Wines, one of his attorneys; that he himself understood the action to be one to eject or put him off of the premises; and that he believed that in all such litigation the defendant had 20 days after service of the complaint and summons in which to appear; and that, when he delivered the papers to his attorney, the attorney told him he had 20 days, and affiant acted under that belief, but that, if he had known that he was required to answer in less time, he would not under any circumstances have permitted judgment to be entered against him, as he was firmly convinced that plaintiffs had no right to the premises involved, or to eject affiant therefrom; and that in making the purchase of the property described in the complaint, and improving the same, affiant had expended about $6,000. Affiant also stated that the judgment was taken against him on April 27th, without his knowledge, and that he was willing to submit to all such terms as the court might impose in the event that the judgment against him was vacated and set aside.

J. L. Wines, attorney for defendant, stated that the complaint and summons in the action were handed to him by the defendant, Kemper, on April 19; that he observed that the complaint was attached to the summons; that he read the prayer of the complaint, and believed that the suit was an ordinary action in ejectment, and made a memorandum on the back of the papers as follows: "Served the 19 April, 1897; twenty days;" and then put the papers away, expecting to prepare a defense within the 20 days which he believed his client had in which to appear. Mr. Wines further said in his affidavit that the statute does not require a copy of the complaint to be served in an action of forcible entry or forcible and unlawful detainer, and the fact that a copy of the complaint in this action was so served misled him, and that by reason of this fact he did not examine or read the summons, and had no idea that the action was one of forcible entry or of forcible and unlawful detainer until after the judgment by

default had been taken, and, furthermore, that, if a copy of the complaint had not been served with the summons, he would have at once examined the summons, and thus would have discovered the nature and character of the action, but that he was entirely misled as to the character of the action, and, had he not been so misled, he would have caused an appearance to be entered by the defendant within the time required by the summons and thus would have saved default.

Two other affidavits were filed in behalf of the defendant, which contained statements of facts in relation to allegations of force contained in the complaint, and denying the truth of the same.

From the earliest decisions of this court, thirty years ago, down to the very latest, the principle has been established that it is within the legal discretion of a trial court to set aside, or to refuse to set aside, a default and judgment thereon, and that, unless it appears that there has been an abuse of such discretion, it is the duty of this court to sustain the district court. This was laid down in *Loeb* v. *Schmith*, 1 Mont. 87 and has been followed in *Whiteside* v. *Logan*, 7 Mont. 373, 17 Pac. 34; *Heardt* v. *McAllister*, 9 Mont. 405, 24 Pac. 263; *Jensen* v. *Barbour*, 12 Mont. 566, 31 Pac. 592; *Mantle* v. *Largey*, 17 Mont. 479, 43 Pac. 633; and *Butte Butchering Co.* v. *Clarke*, 19 Mont. 306, 48 Pac. 303.

Section 2087, Code of Civil Procedure, provides that, in actions of forcible entry or unlawful detainer, the summons is returnable at a date to be designated therein, which shall not be less than 4 nor more than 12 days from its date, and also that the complaint need not be served. The statutes provide a summary remedy when possession is invaded, and their design is to enable one who is ousted to be restored to his original possession as speedily as can be. For these reasons, the time for a defendant to enter appearance is shortened. It was negligent on the part of defendant's counsel to omit to read the summons; and were it not for the fact that a copy of the complaint was served, and that thereby the defendant's counsel might reasonably have had cause to

believe, and did believe, that the action was an ordinary suit in the district court, to be proceeded with as such actions usually are, and that accordingly the defendant had 20 days in which to appear, we should hesitate to affirm the orders appealed from. But upon the whole showing made, although we think the excuses offered by defendant's counsel are far from strong, still it is very evident that he never meant to neglect his client's interests, and that, directly after he knew the fact that a judgment by default had been taken against defendant, he was extemely diligent in moving to set aside the default, and always acted in the best of faith. The defense, too, being plainly a meritorious one on the pleading offered, we cannot disturb the order of the court.

The order appealed from will therefore be affirmed, but all costs of this appeal are hereby ordered to be taxed against defendant respondent.

*Affirmed.*

PEMBERTON, C. J. and PIGOTT, J., concur.

