GREENE, RESPONDENT, *v.* ROWAN ET AL., APPELLANTS.

(No. 1,733.)

(Submitted December 9, 1903. Decided December 10, 1903.)

*Judgment on the Pleadings — Setting Aside — Discretion—Appeal.*

The power conferred by Code of Civil Procedure, Section 774, on the court to relieve a party from a judgment, etc., taken against him through his mistake, inadvertence, surprise, or excusable neglect, is discretionary, and its exercise will not be revised except for an abuse thereof.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by Flora E. Greene against Thomas Rowan and Nicholas Hughes. From an order setting aside a judgment for defendants, they appeal. Affirmed.

*Mr. J. E. Healy,* for Appellants.

*Messrs. Roote & Clarke,* and *Messrs. Busch & Kremer,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

This is an appeal from an order made by the court below setting aside a judgment on motion made pursuant to Section 774 of the Code of Civil Procedure, which said judgment had been entered upon a motion for judgment on the pleadings.

It appears from the transcript that the attorneys for plaintiff took some proceedings to dismiss the case prior to or about the time when the motion for judgment on the pleadings was heard, and, relying on this action being effective, did not appear upon the argument of the motion. Counsel for appellants says that the proceedings taken by plaintiff's attorneys to dismiss the case were not effectual, because the defendants' costs were not paid or tendered; that the court did right in hearing the motion for judgment on the pleadings, and committed error in setting it aside. Counsel for respondent claim that whether the suit was actually dismissed or not by the action of plaintiff's attorneys is entirely immaterial, as the application to set the judgment aside was made under Section 774 of the Code of Civil Procedure, and the court, in the exercise of the discretion vested in it by this section, decided to set the judgment aside upon the payment of costs, which the order appealed from recites were immediately paid.

There is no doubt but that the law is well settled that, the court below having heard the motion to set aside the judgment, and having exercised the discretion vested in it by Section 774, this court will not interfere with that decision unless the discretion of the court below was grossly abused, and that such abuse must be disclosed by the record. We cannot say that this record discloses such abuse.

We adopt the following language of this court used in .the case of *Eakins* v. *Kemper,* 21 Mont. 160, 164, 53 Pac. 312: "From the earliest decisions of this court, thirty years ago, down to the very, latest, the principle has been established that it is within the legal discretion of a trial court to set aside or to refuse to set aside a default and judgment thereon, and that, unless it appears that there has been an abuse of such discretion, it is the duty of this court to sustain the district court. This was laid down in *Loeb* v. *Schmith,* 1 Mont. 87, and has been followed in *Whiteside* v. *Logan,* 7 Mont. 373, 17 Pac. 34; *Heardt* v. *McAllister,* 9 Mont. 405, 24 Pac. 263; *Jensen* v. *Barbour,* 12 Mont. 566, 31 Pac. 592; *Mantle* v. *Largey,* 17 Mont. 479, 43 Pac. 633; and *Butte Butchering Co.* v. *Clarke,* 19 Mont. 306, 48 Pac. 303."

We advise that the order appealed from be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the order appealed from is affirmed.