LITTLE
ROCK,
July, 1838.

JEFFRIES
*vs.*
MORGAN.

CHARLES L. JEFFRIES *against* CHARLES MORGAN, *for use, &c.*

ERROR *to Pulaski Circuit Court.*

If a judgment by confession is formally and properly entered up, the party confessing is estopped by his own voluntary act from questioning its correctness.

In such case, if there be error in the computation of interest, it is too late in the Supreme Court to take advantage of it.

This was an action of debt on a judgment recovered against the plaintiff in error in the State of Alabama. The record states that the plaintiff in error confessed judgment in the court below for $429 40 debt, and $166 damages, to reverse which judgment for an error, as he contended, in the computation of interest, he brought his writ of error.

HALL, for the plaintiff in error: The only question for the consideration of the court is as to the amount of interest to be allowed on the judgment in Alabama. The defendant contends that the judgment below is for a greater sum than purports to be due on the record, or in the confession. See *Digest, title "Interest."*

SCOTT, *contra:* A judgment by confession is a release of all errors. *Digest,* p. 332, sec. 52.

The damages given by the court below were for interest, and were calculated under the laws of Alabama, at eight per cent, the legal interest of that state. See *Laws of Alabama.* The principle is well settled that interest is to be paid on contracts according to the law of the "place" where they are to be performed. *Story's Conflict of Laws,* 241. This action was instituted on a judgment rendered in the State of Alabama. The debt was to be paid in Alabama, consequently the interest due on said judgment was to be calculated under the laws of Alabama.

It is a universal rule of the common law that the "*lex loci contractus*" will in all cases give the rule of interest. If the place of performance is different from that of the contract, the interest will be according to that of the former. See *Story's Conflict of Laws,* 246-7; and the other authorities there cited; *Johnson's Digest,* p. 284.

LACY, *Judge,* delivered the opinion of the Court:

This is an action of debt, founded on a judgment recovered by the plaintiff below, against the defendant, in the State of Alabama.

LITTLE
ROCK,
July, 1838.

JEFFRIES
vs.
MORGAN.

The record shows that the present plaintiff in error came into open court, and in proper person confessed judgment "for the sum of four hundred and twenty-nine dollars and forty cents, the debt in the declaration mentioned, and also the sum of one hundred and sixty-six dollars in damages." The Circuit Court gave judgment for the two sums acknowledged to be due. To reverse the judgment so rendered, the defendant now prosecutes his writ of error in this court.

There is but one assignment of errors, which is, that judgment was given for a greater sum than the record shows to be justly due.

The judgment is formally and properly entered up, and the party confessing it is estopped by his own voluntary act from questioning its correctness.

If there be error in the computation of the interest, it is too late for him now to take advantage of it.

By an act of the Legislature, approved 3d of July, 1807, "judgment on confession shall be equal to a release of error." There being no other assignment of errors, the judgment of the Circuit Court must therefore be affirmed, with costs.