GILLETT, ADMINISTRATIX, respondent, *v.* CLARK ET AL., appellants.

AGREEMENT TO PAY DRAFT — *Conditional draft.* — Defendant agreed in writing to pay to plaintiff, thirty days from date, a certain sum of money upon the order of one Laundrie. The order as drawn directed payment to be made subject to the condition that any differences between the drawer and payee should be deducted therefrom. *Held,* that the plaintiff was entitled to recover upon the order from the drawer upon showing that no such differences existed.

SUCH AGREEMENT CANNOT BE VARIED BY PAROL EVIDENCE as to the understanding between the parties at the time of its execution.

THE PRAYER IS NO PART OF THE COMPLAINT; and a party is entitled to the relief which the facts alleged and proved warrant.

INTRODUCTION OF IMMATERIAL EVIDENCE, if without prejudice to the party complaining, will not warrant a reversal.

*Appeal from First District, Custer County.*

A. F. BURLEIGH, for the appellant.

E. H. HARWOOD, for the respondent.

WADE, C. J.   In this action it appears that Gillett and Laundrie were partners and subcontractors under Heman Clark & Co., contractors on the extension of the Northern Pacific Railroad. On the 23d day of July, A. D. 1882, Gillett & Laundrie dissolved partnership, and Gillett sold his interest in certain teams and personal property, which theretofore had belonged to said partnership, to Laundrie, for the sum of $2,387.50, and to secure the payment of that sum to Gillett said Clark & Co. executed to him an instrument in writing, of which the following is a copy:

"BILLINGS, M. T., July 23, 1882.

" E. A. GILLETT — We will pay you on Mr. Joseph Laundrie's order, thirty days from date, the sum of two thousand three hundred and eighty-seven dollars and fifty cents.

" We understand that you sell him one half interest in eleven teams, and this document is given to insure your payment on presenting his order at the time specified.

"Respectfully yours,

" H. CLARK & Co."

And thereupon, on the same day, Laundrie executed an order upon Clark & Co., in favor of Gillett, in the words and figures following, to wit:

"HEMAN CLARK.                          JOHN B. WESTBROOK.

"*H. Clark & Co., Contractors Extension Northern Pacific R. R., Montana Territory.*

"BILLINGS, M. T., July 23, 1882.

" MESSRS. H. CLARK & Co.— Please pay to Mr. E. A.

Gillett, thirty days from date, the sum of two thousand two hundred and eighty-seven dollars and fifty cents ($2,287.50), under the condition that any differences of the late copartnership be deducted therefrom.

                   " JOSEPH LAUNDRIE."

It is alleged in the complaint that upon a settlement of the joint affairs and transactions of said partnership, there was nothing due from Gillett to Laundrie, but, on the contrary, that Laundrie is owing to Gillett on account of such affairs and transactions, the sum of $300. Laundrie is made a party defendant in the action, and having failed to answer, and made default, thereby admits that these allegations are true, nor do the defendants Clark & Co. deny them.

1. It is contended by the appellants that the order of Laundrie upon Clark & Co. was conditional, and until the condition was fulfilled, no action would lie to compel payment of the same. But the averments of the complaint show that the order had become absolute. The copartnership of Gillett & Laundrie on settlement did not owe Laundrie anything, and this Laundrie admits. There was nothing, therefore, to be deducted from the amount of the order, and the same became due and payable to Gillett.

2. The complaint sets forth the reasons assigned by Clark & Co. for not paying the order. These reasons were wholly immaterial, and ought to have been stricken from the complaint. There could have been no issue raised thereon, and was not. The defendants did not deny that they assigned the reasons alleged, and they could not have been prejudiced in any way by the failure of the court to strike out the same from the complaint. . The error did not in any manner affect the substantial rights of the defendants.

3. The prayer is no part of the complaint, and amending it was not material. A party is entitled to the relief which the facts alleged and proved warrant, whether his prayers are answered or not.

4. The statements made by Laundrie to Clark, in absence

of Gillett, and detailed by Clark in his deposition, were mere hearsay, and properly excluded. We do not understand upon what principle it is sought to vary or change the written agreement of Clark & Co. by parol. That agreement is supposed to contain all the contract between the parties, and its terms cannot be varied or changed by any verbal understanding between the parties made at the time the same was executed. That was an absolute agreement to pay on Laundrie's order, and it cannot by a mere verbal understanding be made to depend upon any other condition.

5. Reading the deposition of Gillett taken in this action, and reading his deposition to the same effect taken in another action involving the same subject-matter, was not such an error, if error at all, as could prejudice the rights of the defendants. The deposition of Kinnard seems to have been entirely harmless, so far as it affected the rights of either party. Counsel in their brief raised no objection to said depositions because a copy thereof was used instead of the original, and we therefore do not consider the question.

6. The verdict of the jury was rendered March 6, 1885, in favor of the plaintiff, and against the defendants Clark & Co., for the sum of $1,787.50. The judgment, as rendered on this verdict, computed interest thereon from the 28th day of August, 1882, at the rate of ten per cent. per annum, amounting to the sum of $449.84, and also interest at the rate of ten per cent. per annum on the sum of $2,287.50 from the 23d to the 28th day of August, amounting to the sum of $3.16, making the judgment, as rendered, amount to the sum of $2,240.50.

The only judgment that could properly be rendered on this verdict was a judgment for $1,787.50, which would bear interest from the date of its rendition at the rate of ten per cent. per annum. And it is hereby ordered that the judgment herein, in favor of the plaintiff and against

the defendants H. Clark & Co., be reduced to the sum of $1,787.50, as of date March 6, 1885, and when so modified that the same be and is hereby affirmed, with costs.

*Judgment modified and affirmed.*