WHITESIDE, appellant, *v.* LOGAN, respondent.

JUDGMENT. — *A judgment may be set aside by a court or judge at chambers upon a proper showing.*— In the case at bar, a judgment by default had been taken against a defendant at a term of court. Within five months the defendant made a motion before the judge at chambers under section 116, division 1, Compiled Statutes of Montana, to set aside the default, and filed affidavits and a verified answer to the complaint in the suit, which set up a meritorious defense in support thereof. A counter-affidavit was also filed by

plaintiff. The motion was heard, and the default was set aside. *Held*, that under the statute aforesaid, it lay with the trial judge to pass upon the question of whether or not there was good cause for setting aside the judgment, and also to reconcile the contradictions in the papers used upon the hearing of the motion; and that the order of the trial judge in setting aside the judgment must be upheld. *Vantilburg* v. *Black*, 3 Mont. 469, *Lowell* v. *Ames*, 6 Mont. 188, and *Donnelly* v. *Clark*, 6 Mont. 136, distinguished.

*Appeal from District Court, Custer County.*

O'CONNOR & MILBURN, for the appellant.

BURLEIGH & MIDDLETON, for the respondent.

No briefs among the files.

McLEARY, J.  In this case a judgment by default was rendered in the district court on the fourteenth day of May, 1887, against Isaac Silverman and Thomas H. Logan for a certain sum of money, and the foreclosure of a mechanic's lien on a certain building in Miles City. Afterwards, on motion of the defendant Logan, the default was opened, and the judgment suspended and vacated, and Logan allowed to file an answer.  From this last order this appeal was taken by the plaintiff, Whiteside. The appellants contends: 1. That the motion to open the default and vacate the judgment was not made in time; and 2. That the motion papers filed in the case show no ground for relief.  In order to a proper understanding of the case, it may be well to make a brief review, in chronological order, of the proceedings had in the court below.  The defendant Logan was summoned on the ninth day of March, 1887.  A demurrer was filed in his behalf on the seventeenth day of March, which was afterwards overruled, and time for answering fixed on the 30th of April, which was afterwards extended to the third, fifth, and seventh days of May, respectively, on which latter day default was taken.  On the fourteenth day of May judgment was rendered against de-

fendants Silverman and Logan for $717, interest and costs, and a decree entered foreclosing the lien claimed by the plaintiff on the property described in the complaint. On the thirty-first day of May an order of sale was issued, upon which the property was sold on the 16th of July, 1887, and the proceeds applied on said judgment, leaving a balance due thereon of $442.60. On the 23d of August execution was ordered and issued against Thomas H. Logan for the unpaid balance. On the 12th of September notice was given of a motion to vacate the judgment as to the defendant Logan, which motion was set for hearing on the seventeenth day of October, and the hearing afterwards continued to the seventh day of November, when the default was opened, and the judgment suspended and vacated. Logan's affidavit in support of the motion was filed on the 7th of September, together with an answer duly verified, setting forth a meritorious defense. On the 29th of October affidavits were filed by Burleigh, Strevell, and O'Connor, who had been counsel in the case for the plaintiff and defendant respectively. Thomas H. Logan deposes "that he is one of the defendants above named in said action; that on or about the tenth day of March, 1887, the summons in said cause was duly served upon him in the town of Miles City; that thereafter, and on the same day, deponent placed the copy of summons so served upon him in the hands of Jason W. Strevell, an attorney and counselor at law in the said town of Miles City, and stated to the said Strevell the facts constituting his defense, and was then and there advised by the said Strevell that he had a good and substantial defense in said cause upon the merits, and then and there instructed the said Strevell, as such attorney, to attend to the matter until the return of Andrew F. Burleigh, who was defendant's regular attorney, and at that time absent from Miles City; that thereafter, and in a few days,

said Strevell informed deponent that he had turned the papers in the cause over to said Andrew F. Burleigh, as such attorney, and deponent supposed that his interests and defense to said cause of action would be attended to, and paid no more attention to the matter, as he had been informed by his said attorneys that no civil actions would be tried at the April, A. D. 1887, term of said court; that the defendant knew no more about said cause until after judgment had been taken by default in said cause, and execution thereon issued and levied upon the property of this deponent; that defendant was greatly surprised upon hearing that judgment had been entered against him by default; and without the cause being tried or defended, for the reason that he had been informed by his said attorneys that he had a good defense upon the merits to said action, and desired an opportunity to offer his proofs in said action touching the matter of his said defense; that the deponent makes this affidavit for the purpose of having the default in said cause opened and the judgment vacated and set aside; and that he may have an opportunity to put in an answer to said complaint, a copy of which answer is hereto attached, and made a part hereof, and defend said cause upon its merits; and that a stay of all proceedings be granted until said cause is finally tried and disposed of." Andrew F. Burleigh deposes as follows: " That he was one of the attorneys of the defendant Logan in the above-entitled action at the spring term, 1887, of said court; that in said action plaintiff was seeking to foreclose a lien on certain property in the complaint described; that the defendant Logan was defending on the ground that he had no interest in the said property, notwithstanding a half-interest therein had been deeded to him, that having been done without his consent, and the said deed having been recorded without ever having been delivered to him; that plaintiff was pushing for a

trial on a judgment at so late a day in the term that it was apparent that nothing could be done in said cause at said term if said defendant resisted; that affiant stated substantially these facts to A. H. O'Connor, Esq., one of the attorneys of the plaintiff, whereupon said O'Connor told affiant that all he wanted was a judgment against the property and Silverman, and that they did not care for a judgment against Logan personally. Affiant thereupon agreed to let said O'Connor take judgment without further defense on that understanding. And thereupon, with such understanding, affiant believes said judgment was taken. Affiant has heard said Logan state his defense to said action, and advised him that it was a good and substantial defense thereto; and that but for the understanding had as aforesaid affiant knows of no reason why the same would not have been successfully maintained."

Jason W. Strevell deposes as follows: "At some time about the commencement of the action one of the defendants, T. H. Logan, came into my office with the summons in the action, which I think had just been served upon him, saying he desired me to look after the case. I procured the papers, as I now remember, but before I had done anything in the matter, or before anything was required to be done, I met Major Logan again, when he stated to me that Mr. Burleigh (Andrew) was attending to his business, and would attend to this case, and that I need have nothing further to do with the matter. The papers were taken from my office to the office of Mr. Burleigh, but I do not remember by whom. It was Major Logan's directions that he should have them. This ended my connection with the matter, and no charge was made to Major Logan for services, as he removed the case from my hands before anything had been done. I probably did say to Major Logan that, upon his statement of the facts, he had a defense; but if

the major, on his affidavit, intends to convey the impression that I told him no civil cases would be tried that term, I think he is mistaken. I have no recollection of making any such statement to him." Arthur H. O'Connor deposes as follows: "That, from the commencement of the above-entitled action until the present time, he has been associated with George R. Milburn as an attorney for the plaintiff in said action; that he has read the certified copy of entries made on the judge's docket, which copy is filed herewith; that he was personally present when each of the actions noted by said entries was had in the above-entitled case; that upon April 23, 1887, when affiant asked for a hearing of the demurrer in said case, the hearing of the same having been set for that day, W. A. Burleigh, Esq., appearing for the defense, stated to the court that, although he himself was an attorney in the case, he had expected Judge Strevell, who was also an attorney for the defense, to attend to the demurrer in said case; that upon the next day, April 24th, Judge Strevell, when the matter was called up by affiant, stated to the court that he had not examined the complaint, and did not know whether or not there was any ground for demurrer; that upon the twenty-fifth day of April, the next day, the said Strevell announced to the court that he found no cause for demurrer, whereupon, with the consent of the affiant, one of the attorneys for plaintiff, and at the request of one or more of the attorneys for the defense, the defendants were given until April 30th to file their answer; that each and every extension of time granted to the defendants, as noted by the entries of the judge, shown in the certified copy aforesaid, were at the request of the defendants, without any good or sufficient cause therefor having been shown, but by consent of affiant; that when time for defendants to answer as last extended, viz., until May 7, 1887, had expired, it being apparent

to affiant that all previous delays asked for and obtained by defendants were for the purpose of preventing a trial of said cause at that same term of court, he refused to consent to further delay in the matter, and caused the default of the defendants to be entered; that one week thereafter, to wit, on the fourteenth day of May, A. D. 1887, plaintiff made proof to the court of the matter set forth in the complaint, and in the presence of at least three of the attorneys for defendants, to wit, W. A. Burleigh, Jason W. Strevell, and Andrew F. Burleigh, affiant presented to the judge for signature a final judgment and decree in said case, which was then and there signed by the judge in the presence of said attorneys, they knowing of the same, and the same is now on file in said case; that Andrew F. Burleigh, one of the attorneys for Thomas H. Logan, the defendant, who, in this proceeding, moves to set aside the said judgment, was in attendance, according to the best of affiant's recollection, information, and belief, during the entire term of said court in which the above-mentioned proceedings were had, and, as affiant verily believes, was personally cognizant of all that had transpired in said case, and had, prior to the entry of judgment therein, spoken to affiant of the case several times; that when affiant had prepared the said judgment and decree, and before the same was presented to the judge for his signature, the said Andrew F. Burleigh asked affiant if a judgment against the defendant, Thomas H. Logan, was included in said judgment; and that affiant then and there informed him that it did include a judgment against the said Logan as well as against the said defendant Silverman."

Defendant Logan's answer specifically denies all the allegations in the plaintiff's complaint, and alleges as follows: "That the said plaintiff did erect a store building for the said defendant, Isaac Silverman, and one Fannie Silverman, his wife; but denies that he

ever had any interest in or to said building, or that he was in any way, either directly or indirectly, connected with said Isaac Silverman, as a partner or otherwise, or ever authorized his name to be used in such firm; and denies that he is indebted to said plaintiff in any sum or amount whatever." The court, in acting upon this motion, proceeded under section 116 of the first division of the Compiled Statutes of Montana, which reads as follows: "The court may, upon such terms as may be just, and upon payment of costs, relieve a party, or his legal representatives, from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; and when, for any cause satisfactory to the court or the judge at chambers, the party aggrieved has been unable to apply for the relief sought during the term at which such judgment, order, or proceeding complained of was taken, the court or judge at chambers, in vacation, may grant the relief, upon application made within a reasonable time not exceeding five months after the adjournment of the term." Comp. Stats. Mont., sec. 116, p. 88.

We will first consider whether or not this motion was made in time. It will be observed that the statutes provides that such a motion may be made in vacation, when, for any cause satisfactory to the court or judge at chambers, the party aggrieved has been unable to apply for the relief sought during the term at which said judgment was taken. The defendant Logan, in his affidavit, alleges that he was not cognizant of the judgment rendered against him until after the term at which it was entered had expired. This, undoubtedly, was satisfactory to the judge, and that is all the statute requires. It was a matter entirely within his discretion to hear the motion within any reasonable time not exceeding five months after the adjournment of the term. Then we should next inquire whether or not the motion papers

filed in the case show any ground for relief. By inspection of those portions of the record quoted, it will be seen that the defendant Logan undoubtedly has a meritorious defense, which he sets up in his answer, duly verified. It will also be observed that, immediately upon being summoned, he employed able counsel to represent him in the case, and that a demurrer was filed in his behalf. From this point the affidavits on file are more or less contradictory. It appears that Mr. Burleigh evidently understood that no personal judgment was to be rendered against Logan, and for that reason filed no answer and made no defense. It may be, as appears from the affidavit, that Mr. O'Connor understood the matter differently; but it was for the trial judge to reconcile these contradictions, and to exercise his discretion in the matter. He has acted, and the court is of the opinion that he has acted wisely, for the reasons stated by him in the order, "that the defendant's default is satisfactorily excused, and that manifest injustice has been done to the defendant Logan."

We are referred by appellant's counsel, in order to sustain his propositions, to several cases in the Montana Reports, which we propose briefly to review. The first is the case of *Vantilburg* v. *Black*, 3 Mont. 469. It is held that "after the adjournment of a term, a court loses control over the judgments rendered at such term, unless its jurisdiction is saved by some proceedings instituted within the time allowed by law"; referring to several cases from California and Nevada. Among such proceedings are mentioned an appeal within one year after the entry of the judgment, which Mrs. Vantilburg did not take. Another proceeding which might have been mentioned would have been a motion to vacate the judgment, made within a reasonable time, not to exceed five months after adjournment, which was done in the

case at bar. Instead of appealing, or moving to vacate the judgment, Mrs. Vantilburg brought a suit to set aside the judgment and enjoin the execution thereof, on the ground that no summons or other process in the original case was ever served upon her, and that she never appeared in court, or authorized any attorney to act on her behalf, and that she had no notice or knowledge of this judgment until about five months after its entry. The plaintiff denied these averments, and stated affirmatively facts to the contrary. The court struck these denials and allegations from the answer, and judgment was rendered in favor of Mrs. Vantilburg on the pleadings, and the personal judgment against her annulled. The case was reversed, on the ground that the court erred in striking out the answer of the defendant. So we find that this case is not an authority against the decision of the court below. In the case of *Lowell* v. *Ames*, 6 Mont. 188, the counsel for the defendant, residing at Virginia City, wrote a letter to the counsel for the plaintiff, residing at Dillon, asking him to agree to a continuance of the case; but before he received an answer thereto, he left Virginia City, and went to the Yellowstone valley, and his whereabouts were unknown to plaintiff's counsel, who, for that reason, did not answer his letter, but tried the case, and proceeded to judgment against the defendant. The learned chief justice, delivering the opinion of the supreme court, says: "It does not appear where the defendants themselves were during the time of and prior to the said term of court. Parties having cases in court are bound to be present to attend to them, or present some valid excuse, such as a written agreement or stipulation, signed by the parties, for a continuance, or a physician's certificate of sickness accounting for their absence. The defendants knew that they had an important case in

court, and they knew that it had not been continued by the consent of the plaintiffs. Under such a state of facts, there does not seem to be any excuse for their absence from court, or any room for surprise that a judgment was rendered against them. We see no abuse of the legal discretion of the court in overruling the motion to set aside and vacate the judgment herein." 6 Mont. 190. This case is not parallel to the one at bar. The defendants knew that they were not represented by counsel, and still made no effort to be present at court. Logan employed counsel to represent him, who were present, and appeared to have looked after his interests with ordinary zeal and vigilance; and, taking his affidavit and answer to be true, he was not to blame for the result. The case of *Donnelly* v. *Clark,* 6 Mont. 136, is also quoted. That case holds that the judgment against the defendant will not be set aside on the ground of surprise, unless the facts constituting the defense to the action are stated in a moving affidavit. In the case at bar, Logan files, together with his affidavit, an answer under oath, which sets out a meritorious defense, and one sufficient to defeat the plaintiff's case, if it should be supported by the proof. For this reason, it does not fall within the purview of the authority quoted. *Donnelly* v. *Clark, supra.* Appellant also refers to the cases of *Elliott* v. *Shaw,* 16 Cal. 377; *Mulholland* v. *Heyneman,* 19 Cal. 605; *Haight* v. *Green,* 19 Cal. 113; and *Seale* v. *McLaughlin,* 28 Cal. 668,—in all of which cases the trial court below refused to vacate the judgment which had previously been entered; and the appellate court sustained that action on the ground that the matter was within the discretion of the court below, which discretion did not appear to have been abused.

It is unnecessary to pursue this subject further, believing, as we do, that the whole matter to have been

placed by the statute fully within the discretion of the trial court, and that that discretion has been exercised prudently and in furtherance of justice. The judgment is affirmed.

*Judgment affirmed.*

McCONNELL, C. J., and GALBRAITH, J., concur.