## MARTIN *v.* HOUCK MUSIC COMPANY.

### Opinion delivered May 14, 1906.

1. BAILMENT FOR REPAIR—LIEN.—One who undertakes to repair a piano for an agreed sum, without stipulation as to when the repairs shall be paid for, is entitled to hold the piano until payment therefor is made. (Page 98.)

2. APPEAL—INVITED ERROR.—One can not on appeal complain of a judgment which he concedes in his brief was rendered by his consent, though such fact does not appear on the face of the decree. (Page 99.)

Appeal from Pulaski Chancery Court; *Jesse C. Hart,* Chancellor; affirmed.

STATEMENT BY THE COURT.

Mrs. Ida E. Martin was the owner of a piano which the Houck Music Company undertook to repair for the sum of $135. The work on the piano was finished in September, 1901, and Mrs. Martin was notified. Mrs. Martin desired to make the payment in monthly installments, and she offered to pay $25 in cash and the remainder in monthly installments. The company declined to accept this, and insisted that the amount charged should be paid in cash. As Mrs. Martin was under the impression that she should be allowed to make the payment in installments so as not to inconvenience her husband, she declined to make the payment *in solido,* and the Piano Company held the piano. It was kept on the second floor of the building occupied by the company with other pianos which it owned or had in charge. The roof of this building was covered with tin. This tin was put on in strips or sections about 16 inches wide, the edges of these strips being turned up and tacked together. The connecting edges were turned over, so that rain falling on the roof could not enter. These connecting edges of tin stood about an inch above the level of the roof. In January, 1902, while plaintiff's piano was still in the building, a heavy storm of sleet swept over the city. The storm lasted from about 10:40 a. m. to 10 p. m. of the 28th of that month. This fall of sleet was followed by a rise in temperature. The sleet in some way dammed up the water from rain and melting sleet on the roof and caused it to rise above the seams and to enter the building, where a number of pianos were kept. Many of them were seriously injured, among them the one owned by plaintiff. It was rendered practically worthless.

Plaintiffs afterwards brought this action against the Piano Company to recover for the value of the piano.

The Piano Company denied that it had been guilty of negligence, alleged that the plaintiff owed it $135 for repairs on her piano which she had neglected to pay, and asked that it have judgment against the plaintiff for that sum, and that a lien be declared on the piano, and that it be sold and proceeds applied to the payment of the judgment.

The plaintiff filed an answer, denying allegations of cross-complaint. The case was transferred to the chancery court.

On the hearing the chancellor held in effect that neither party was entitled to recover anything from the other, but he taxed the costs against the defendant. Both sides appealed.

*George W. Williams,* for appellant.

1. After demand for the delivery of the piano, defendant holding it under another claim for which he had no right of lien, he will be held to have waived his lien and to have converted it. 145 Mass. 20; 95 Pa. St. 246. The Jurist, vol. 2, 892; 13 Ark. 447. After the request for delivery by the plaintiff, the defendant held for his own benefit, and not for the owner. 1 Jones on Liens, § 972. Being a wrongdoer constitutes him a converter of the property, and renders him absolutely liable. Cases *supra;* 61 Ark. 307; Van Zile on Bailments, 103; Story on Bail. § 237; *Ib.* § 341; *Ib.* § 122; 8 Wall. 641, 650.

2. Appellant was under no obligation to tender the amount claimed by appellee for which it had no right of lien. 1 Camp. 410 n.; 13 Ark. 437; 9 M. & W. 675; 2 Blackf. (Ind.), 465.

3. The burden was upon appellee to show that it exercised the reasonable care necessary to prevent injury. Tyler on Usury, 627; 1 Smith's Lead. Cas. 300.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

1. When a payment is to be made, and no time specified, it is payable immediately, or, at any rate, in a reasonable time. 1 Pet. 455; 22 Am. & Eng. Enc. Law, 529, and cases cited.

2. Appellee was either a bailee in a bailment for mutual benefit, or a gratuitous bailee. If he was a bailee for mutual benefit, he would be held only to ordinary care to prevent damage. Schouler's Bail & Car. § 101; Lawson on Bail, § 43; 32 Ark. 223. Unavoidable accident will excuse a bailee where the bailment is for mutual benefit. 42 Ark. 200; 6 Cent. Dig. § 49; 5 Cyc. 199. But, under the facts in this case, appellee was only a gratuitous bailee, and as such would be liable only in case of gross neglect or bad faith. 11 Ark. 189; 23 Ark. 61; 6 Cent. Digest, § 38.

RIDDICK, J., (after stating the facts.) This is an action to recover damages for injury to and conversion of a piano. The facts in short are that plaintiff was the owner of a piano which

defendant undertook to repair, and for which defendant was to be paid $135. But there was a misunderstanding as to the manner in which this sum was to be paid. The plaintiff, Mrs. Martin, understood that it was to be paid in monthly installments, and she offered to pay it in that way, and asked that the piano be returned to her on those terms. But the company insisted that the full amount was due, and it exercised the right to hold the piano until the full amount charged for the repairs was paid. While the piano was thus held by it, a heavy storm of sleet came, and, as explained in the statement of facts, the piano was injured.

The plaintiff contends that the defendant not only claimed the right to hold the piano for the payment of the price of the repairs made on it, but that it held it for an unlawful claim for rent of another piano, and also for a charge for storage which plaintiff did not owe; that in this way it was guilty of an unlawful conversion of the piano. Counsel for plaintiff has filed an admirable brief, discussing the law as applied to that state of facts. His argument would be unanswerable if the facts in the case were as he assumes them to be.

We admit, to quote the language of a decision cited by counsel for appellant, that "a claim to hold the possession of the property and a refusal to deliver it on demand, under and in assertion of a right other than that given by the lien, would be evidence of a conversion." *Hamilton* v. *McLaughlin,* 145 Mass. 20. But after a careful reading of the transcript in this case we do not find that there was any such claim. It is true that the defendant did make a claim against plaintiff for the rent of another piano, and also notified her that, unless the piano was removed by the first of January, storage would be charged. But the evidence does not show that the company held or claimed the right to hold the piano for such charges. The company, as we see the evidence, was holding it for the price of the repairs, and the evidence convinces us that plaintiff could have obtained her piano at any time by paying the $135 due for repairs. The evidence shows that the company was anxious to return it on those terms. But she declined to make this payment on the ground that her contract with the defendant was for a payment by installments. We do not find from the evidence that there was any such contract, though we are satisfied that plaintiff acted in good faith;

for it seems to us that there was a mutual misunderstanding between the parties as to whether the price of the repairs was to be paid in installments or not. Out of that misunderstanding came the refusal to pay by plaintiff, the retention of the piano by defendant, and this lawsuit. Subsequent events show that it would probably have been better for the defendant, in view of this misunderstanding to have yielded a point, and allowed plaintiff to retake her piano and pay for the repairs in installments as she offered to do, but the company was under no legal compulsion to do this. It had the right to hold the piano until the repairs were paid for, and in our opinion it was guilty of no conversion. As plaintiff bases her right to recover on an alleged conversion, we need not discuss the question of whether the injury to the piano was due to the negligence of defendant, though we are of the opinion that no negligence was shown. It results from what we have said that, in our opinion, the plaintiff is not entitled to recover.

The defendant has taken a cross-appeal from the judgment of the chancellor, but we conclude from the statements in the brief of his counsel that the defendant does not insist on that very seriously. According to the statements of counsel for defendant, the decree of the chancellor in this case was in substance, though not in form, a decree by consent—at least so far as defendant is concerned. That being so, defendant has no right to ask us to reverse that decree. If there was error in that decree, it was error invited by defendant. We are therefore of the opinion that the decree of the chancellor, which in effect refused any relief to either party and taxed the costs against the defendant, should be affirmed. The costs of this appeal must be taxed against plaintiff. It is so ordered.