## CAVE *v*. SMITH.

### Opinion delivered January 1, 1912.

1.  JUDGMENT—BY CONFESSION.—Where the record of a justice of the peace shows that the defendant acknowledged service of the summons, and without any further proceedings the defendant asked the court to enter judgment against him for the sum sued on, this shows a judgment by confession. (Page 349.)

2.  JUDGMENT BY CONFESSION—RIGHT TO APPEAL.—A party confessing judgment before a justice of the peace is estopped by his own voluntary act from questioning its correctness, and therefore can not appeal therefrom. (Page 350.)

Appeal from Boone Circuit Court; *George W. Reed*, Judge; affirmed.

*G. J. Crump*, for appellant; *G. L. Trimble*, of counsel.

1.  The judgment was appealable. There is no exception in the statute authorizing appeals from judgments of justices

of the peace except "a dismissal for want of prosecution." Kirby's Digest, § 4665. If it had been the intention of the law-makers to exclude judgments by consent, by confession or by default from appealable judgments, they would have expressed that intention in the statute. This court holds that appeals from all judgments of justices of the peace to the circuit court are allowed as a matter of absolute right, regardless of the amount involved. 78 Ark. 208. See also 35 Ark. 298; 2 Cyc. 518d.

2. The appellant's request that the justice of the peace render judgment for the amount sued for was not a con-fession of judgment, but a mere consent that it be rendered, leaving the matter as though he had made default. 5 Ark. 166.

*Appellee, pro se.*

The judgment was not appealable. Not only did appel-lant agree and consent that judgment be rendered against him, but he in open court requested that judgment be rendered against him for the specific amount sued for. He was not aggrieved within the meaning of the statute. Kirby's Digest, § 4665; 2 Standard Enc. of Prac. 200, 206; 77 Ark. 586; 32 Ark. 74; 2 Enc. Pl. & Prac. 99; 2 Cyc. 650.

The case of *Walker* v. *Wills,* 5 Ark. 166, relied on by appellant, is not in point; the facts in that case do not make it applicable in this.

HART, J. This suit was brought in a justice's court by T. J. and A. W. Smith against D. W. Cave to recover $13.50 alleged to be due on account. The judgment of the justice, after stating the fact that both parties were present in person, recites: "And the defendant acknowledged service of the summons, and without any further proceedings the defendant asked the court to enter judgment against him for said sum sued on $13.50, and then filed affidavit and bond for an appeal to the circuit court," etc.

On motion of the plaintiffs, the circuit court dismissed the appeal, and the defendant has appealed from that judgment.

It is contended by counsel for defendant that, under the authority of *Walker* v. *Wills,* 5 Ark. 166, the record of the justice does not show a judgment by confession; but we can not agree with them. In that case the defendant pleaded want of consideration to the note sued on and a demurrer to the

plea was sustained. He then filed an amended plea, and it was stricken from the files. He then refused to plead further, and agreed in open court that judgment might be rendered against him. The court held that this was not a confession of judgment. The reason evidently was that the defendant was relying on his plea already made, and only meant to say that he had no further defenses to make. Here the case is different. The defendant entered his appearance, and, without interposing any defense whatever, asked the court to enter judgment against him for the amount sued for. This was a confession of judgment.

It is next contended by counsel for defendant that under section 4665 of Kirby's Digest he had a right to appeal from a judgment by confession. We do not think so. A party confessing judgment is estopped by his own voluntary act from questioning its correctness. *Jeffries* v. *Morgan*, 1 Ark. 169.

Section 4614 of Kirby's Digest provides that the rules and proceedings governing confessions of judgment in the circuit court shall apply to justices' courts. And section 6251 provides that the confession shall operate as a release of errors.

The judgment will be affirmed.