### THE McCALL COMPANY v. SMITH.

### Opinion delivered February 15, 1915.

1.   APPEAL AND ERROR—ERROR IN FACE OF RECORD.—Where the error complained of appears on the face of the record, it is not necessary to have a bill of exceptions, in order to have the ruling of the trial court reviewed on appeal.

2.   JUDGMENTS—CONSENT—APPEAL.—A judgment by confession or consent can not be appealed from.

3.   JUDGMENTS—CONSENT.—The record of a justice read: "The evidence offered by the plaintiff being held inadmissible by the court, at the suggestion of plaintiff's attorney, the jury returned a verdict for the defendant."   On appeal to the circuit court, the appeal was dismissed.   *Held*, the recitals of the justice's record are not sufficient to show a judgment by confession or consent.

4.   JUDGMENTS—CONFESSION OR CONSENT—EVIDENCE.—Before a judgment should be treated as one rendered on confession or consent, the recitals showing such confession or consent should be clear and unequivocal.

Appeal from Boone Circuit Court; *George W. Reed,* Judge; reversed.

STATEMENT BY THE COURT.

Suit was instituted by the appellant against the appellees before a justice of the peace to recover for an alleged balance due on account for merchandise, etc., alleged to have been furnished on a contract between appellant and appellees.   At the hearing the appellant, to sustain its claim, offered certain evidence which the justice of the peace held to be inadmissible.   The record of the

justice of the peace contains this recital: "The evidence offered by the plaintiff being held inadmissible by the court, at the suggestion of plaintiff's attorney the jury returned a verdict for the defendants." Then follows the formal entry of the judgment.

The appellant appealed to the circuit court. In the circuit court the appellees moved to dismiss the appeal on the ground that the judgment was rendered against plaintiff "at its suggestion and by its consent." The court granted the motion and entered a judgment dismissing the appeal.

*Cooke & Shouse,* for appellant.

The justice excluded evidence offered by appellant, and his action, as shown by the whole record, was, in effect, a compulsory nonsuit. The record does not show a judgment by confession or by consent. The judgment was appealable. Kirby's Digest, § 4665. The action of the court was arbitrary. 32 Ark. 74; 59 *Id.* 330; 90 *Id.* 591. A mere "suggestion" is not a confession nor a consent. 5 Ark. 166; 32 *Id.* 74. The case of 101 Ark. 348, is not applicable.

*Sam Williams,* for appellee.

1. The record shows affirmatively that the judgment was rendered at the suggestion of plaintiff's attorney; this record, however, is only *prima facie,* and could have been contradicted or amended to conform to the facts. 43 Ark. 230; 46 *Id.* 153; 51 *Id.* 317; 52 *Id.* 373; 58 *Id.* 181; Kirby's Digest, § 4673. In the absence of a bill of exceptions the judgment is conclusive. 41 Ark. 225; 47 *Id.* 230; 44 *Id.* 482; 58 *Id.* 399; 54 *Id.* 463.

2. One can not appeal from a judgment by consent. 2 Stand. Enc. of Proc., 200-206; 32 Ark. 74; 101 Ark. 348.

WOOD, J., (after stating the facts). The only question presented by this appeal, is whether or not the record of the justice of the peace, stating that "at the suggestion of plaintiff's attorney the jury returned a verdict for the defendants" showed on its face, a judgment by consent.

(1)   The error, if any, appears on the face of the record, and it was not necessary, therefore, to have a bill of exceptions in order to have the ruling of the trial court in passing on the motion to dismiss, reviewed.

(2-3)   The recitals of the justice's record are not sufficient to show a judgment by confession or consent. Of course, a judgment by confession or consent could not be appealed from. *Saleski* v. *Boyd*, 32 Ark. 74; *Cave* v. *Smith*, 101 Ark. 348.   But, at most, the recital under review only showed that the appellant's attorney, when the evidence offered by him was excluded by the court, suggested that the jury return a verdict for the appellant.   This suggestion of the appellant's attorney was but tantamount to an admission on his part that, since the evidence offered to sustain appellant's claim was excluded by the court, it could not recover in that court, and in view of this ruling the verdict would necessarily have to be in favor of the appellees.   This admission upon the part of appellant's attorney was far from a confession on his part that the appellees were entitled to a judgment or that he was consenting for a judgment to be entered against the appellant.   The record further shows that on the same day that this judgment was entered the appellant "filed an affidavit for appeal to the circuit court."

(4)   Taking the recitals of the record altogether it can not be said that they show that the judgment entered by the justice of the peace was on confession, or by the consent, of the appellant.   The word *suggestion* is neither synonymous with *confession* nor *consent*, and before a judgment should be treated as one rendered on confession or consent the recitals showing such confession or consent should be clear and unequivocal.   Such is not the case here.

Where "defendant agreed in open court that judgment might be rendered against him," we held that such recital was not a confession of judgment and could only be regarded as a judgment *nil dicit*.   *Walker* v. *Wills*, 5 Ark. 167.

The court therefore erred in dismissing appellant's appeal from the justice court, and the judgment is therefore reversed and the cause remanded with directions for further proceedings according to law.