## WYANT v. BEAVERS.

No. 7205—Opinion Filed Jan. 9, 1917.

(162 Pac. 732.)

(Syllabus by the Court.)

**1. Justices of the Peace—Jurisdiction—Title to Real Estate.**

Pleadings examined, and held not to draw in question the title to real estate.

**2. Judgment—Verdict—Interest.**

The judgment of the court must follow the verdict; and where the verdict is general and for a sum in gross, and the question of interest was not reserved by the court, and there is nothing in the record to indicate that the jury omitted interest, it will be presumed that it is embraced in the amount of their finding, and the court cannot add interest to the amount found by the verdict of the jury. Following Blackwell, E. & S. R. Co. v. Bebout, 19 Okla. 63, 91 Pac. 877, 14 Ann. Cas. 1145.

Error from County Court, Pottawatomie County; Hal Johnson, Judge.

Action by T. C. Beavers against R. Wyant. From a judgment of the county court for plaintiff on appeal from the judgment for plaintiff in justice court, defendant brings error. Modified and affirmed.

See, also, 49 Okla. 30, 150 Pac. 480.

R. Wyant, for plaintiff in error.

W. S. Pendleton, for defendant in error.

TURNER, J. This cause is submitted to this court upon a transcript of the record; the court, upon motion of defendant in error to dismiss this appeal, having held that the case made was a nullity. Wyant v. Beavers, 49 Okla. 30, 150 Pac. 480.

This action was brought in a justice of the peace court of Pottawatomie county by T. C. Beavers, defendant in error, against R. Wyant, plaintiff in error, to recover the sum of $193.22. The bill of particulars substantially alleged that defendant was due and owing plaintiff the sum of $193.22 for taxes paid on certain real estate purchased by plaintiff from defendant, which defendant, at the time of the purchase, agreed to pay; that plaintiff was compelled to pay said taxes to prevent said property from being sold to satisfy same. The answer consisted of a general denial and cross-petition. Judgment was rendered for the amount sued for and costs. Upon appeal to the county court, no further pleadings being filed, the cause was tried to a jury, and a verdict rendered in favor of plaintiff for the above amount. Several days after the verdict was rendered, and before judgment had been entered thereon, the court, upon motion being filed by plaintiff to amend his bill of particulars by adding a prayer for interest on the amount of the judgment recovered in the justice court, also rendered judgment for $22.46 interest, in addition to the amount of the verdict; to which adding of interest the defendant excepted.

Defendant brings the case here and says: (1) That the justice, as well as the county court, had no jurisdiction in the premises because the title to real estate was involved; (2) that the county court had no jurisdiction to render a judgment against defendant for $213.26, when the bill of particulars upon which the case was tried asked for judgment only in the sum of $193.22. The first contention is without merit.

It does not appear from the record before us that there was any order made by the court on the motion of plaintiff to amend his bill of particulars so as to add a prayer for interest; and, as the record proper in a civil action "consists of the petition, answer, reply, demurrers, process, rulings, orders, and judgment" (Meuten v. Shuttee, 11 Okla. 381, 67 Pac. 478), we cannot consider whether the court erred in treating the amendment as having been made, since said motion is no part of the record proper. Plaintiff asked in his petition for only $193.22, for which the jury returned a verdict; no reference being made to any interest on said amount. The court, so far as we are able to determine from the transcript, rendered judgment for $22.46 interest in addition to the amount of

the verdict. This the court was without authority to do.

In Blackwell, E. & S. R. Co. v. Bebout, 19 Okla. 63, 91 Pac. 877, 14 Ann. Cas. 1145, the court had under consideration the power of a trial court to add interest to the amount of the verdict. In holding that the trial court had no power to do so, we said:

"The next complaint arises upon the action of the court in adding to the amount of the verdict of the jury the sum of $109.20 as and for interest. There is nothing in the record to indicate that the jury did not in the assessment of damages include the total amount that they deemed the defendant in error entitled to, and, in the absence of any indication to the contrary, the presumption is that they included in their award of damages, every element that the landowner was entitled to. * * * It was the duty of the jury to assess the entire damage, and we must presume that they did so. 'In an action for the breach of an obligation not arising from contract, * * * interest may be given in the discretion of the jury.' Wilson's Rev. and Ann. St. 1903, sec. 2727.

"In the state of the record, we must presume that the jury exercised its discretion. It was error for the court to add any additional sum to the verdict, and the amount so allowed must be deducted from the judgment. It was the duty of the court to render judgment upon the verdict."

The court in the above case, after deducting the amount of interest added to the verdict of the court, affirmed the judgment.

The judgment herein is modified to the extent of the amount of interest added of $22.46, and affirmed.

All the Justices concur.