## ENTERPRISE SEED CO. et al. v. LEONARD SEED CO.

No. 14459—Opinion Filed Nov. 20, 1923.

(Syllabus.)

### Judgment—Verdict—Right of Court to Add Interest.

Where the plaintiff's cause of action is based upon an account which is denied by the defendant, who also files cross-petition against the plaintiff; and where the verdict of the jury is general and in favor of the plaintiff for a sum in gross, and the question of interest was not reserved by the court; and where there is nothing in the record to indicate that the jury omitted interest, it will be presumed that it is embraced in the amount of their finding, and it is error for the court to compute interest on the amount of the verdict for a period prior to the date of its rendition and render judgment therefor.

Error from District Court, Oklahoma County; A. C. Brewster, Judge.

Action by the Leonard Seed Company, a corporation, against the Enterprise Seed Company a corporation, et al. Judgment for plaintiff and defendants appeal. Modified and affirmed.

Twyford & Smith, for plaintiffs in error.

Gordon Stater, for defendant in error.

MASON, J. This action was commenced in the district court of Oklahoma county, Okla., by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, to recover the sum of $2,024.56 upon an account for goods, wares, and merchandise, consisting of seeds, onion seeds, etc., which the plaintiff sold and delivered to the defendants between the 15th day of December, 1919, and the 26th day of January, 1920.

The defendants filed their answer and cross-petition alleging that the plaintiff had broken conditions of the contract of sale, and that the defendants had been injured thereby. For further answer and cross-petition the defendants alleged that the plaintiff maliciously and wrongfully instituted bankruptcy proceedings against the defendant Enterprise Seed Company, and that defendants were injured thereby in the amount of $5,000.

Thereafter, the plaintiff filed a reply denying that plaintiff had injured the defendants in any way because of the breach of the alleged contract between the parties, and for further reply plaintiff alleged that the answer and cross-petition was libelous

and had injured the plaintiff in the amount of $10.000, for which he prayed judgment in addition to the amount asked in his petition.

Upon the issues thus joined, the case came on regularly for trial on the 1st day of April, 1922, and the jury returned a verdict in favor of the plaintiff and fixed the amount of recovery in the gross sum of $1,300, to which the court in rendering judgment added interest at the rate of six per cent. from January 26, 1920, amounting to $186, thus giving plaintiff judgment in the total sum of $1,486.

Within the statutory time, the defendants filed their motion for new trial, which was overruled, and the case has been regularly appealed to this court.

For reversal, plaintiffs in error present in their brief but one assignment of error, as follows: That the trial court erred in entering judgment in an amount greater than the verdict of the jury.

In opposition to this contention, and in support of the judgment of the trial court, the defendant in error cites Letcher v. Wrightsman, 60 Okla. 14, 158 Pac. 1152, wherein this court in the syllabus held as follows:

"In a case tried by a jury, where it is clearly apparent that the prevailing party is entitled to interest upon the amount found in the verdict, and it is unquestionably clear that the jury allowed no interest, and the dates from which to which interest should be allowed, and the rate of interest, are clearly ascertainable from uncontroverted facts, the court may compute the interest and add the interest, so found, to the sum found in the verdict and render judgment for the aggregate amount."

To the same effect, he cites St. Louis, El Reno Western Ry. Co. v. James E. Oliver, 17 Okla. 589, 87 Pac. 423; National Bank of Anadarko v. First National Bank of Anadarko, 39 Okla. 255, 134 Pac. 866; Wallingford et al. v. Alcorn, 75 Okla. 295, 183 Pac. 726.

The case at bar, however, does not come within the rule above announced. Counsel for defendant in error contends that in the instant case the rate of interest is clearly fixed, being six per cent. per annum, the legal rate, and the dates from which and to which it should have been allowed are clear, both from the account and from the duplicate invoice, and then contends that the court properly added the interest to the verdict, but counsel fails to show wherein the case

comes within that portion of the rule providing that it must be unquestionably clear that the jury allowed no interest.

In the prayer of plaintiff's petition he asks for six per cent. interest from January 26, 1919, and the court in his statement of issues between the parties in his instructions informed the jury that the plaintiff was seeking to recover the sum of $2,024.56, with interest from the date the debt was due. And in other places, his instructions inform the jury that, under a certain state of facts, plaintiff would be entitled to recover the sum of $2.024.65, as prayed for in plaintiff's petition. So it appears the court evidently did not reserve the question of interest from the jury, nor is there anything in the record to indicate that the jury permitted the interest. It was the duty of the jury to fix the entire amount of plaintiff's recovery, including interest, and we must presume that they did so. It was error for the court to add any additional sum to the verdict, but judgment should have been rendered upon the verdict. Gillett, Adm'x, etc., v. Clark et al., 6 Mont. 190, 9 Pac. 823; Southern Kansas Ry. Co. et al. v. Showalter, 57 Kan. 681, 47 Pac. 831; Wyant v. Beavers, 63 Okla. 68. 162 Pac. 732.

This court, in the case of Wyant v. Beavers, supra, announced the rule as follows:

"The judgment of the court must follow the verdict; and where the verdict is general and for a sum in gross, and the question of interest was not reserved by the court, and there is nothing in the record to indicate that the jury omitted interest, it will be presumed that it is embraced in the amount of their finding, and the court cannot add interest to the amount found by the verdict of the jury." See, also, Blackwell, E. & S. Ry. Co. v. Bebout, 19 Okla. 63, 91 Pac. 877, 14 Ann. Cas. 1145.

It was error for the trial court to compute interest on the amount of the verdict for a period prior to the date of its rendition and render judgment therefor when it was not clear as to whether or not the jury had included interest in its verdict.

The case is therefore remanded with directions to the trial court to amend the judgment by deducting the interest in the sum of $186 added to the verdict of the jury by the trial court As modified, the judgment is affirmed. Costs of the appeal taxed to defendant in error.

McNEILL, V. C. J., and NICHOLSON, COCHRAN, and HARRISON, JJ., concur.