VAUGHAN *v.* BROWN.

Opinion delivered July 13, 1931.

*S. Brundidge,* for appellant.

*W. A. Leach,* for appellee.

MEHAFFY, J. The appellant brought this suit on a contract entered into between him and C. B. Brown on August 28, 1918. He filed with his complaint a verified and itemized account, the items ranging from 75 cents to $1,813.05. The total amount sued for was $4,633.27. There was a great number of items making up this amount.

The appellees filed a demurrer, stating as grounds of said demurrer that the account showed on its face that each item was barred by the statute of limitations.

After these pleadings had been filed, the attorneys for the respective parties agreed to a judgment for $3,000.

A decree was entered for $3,000, and appellant insisted that interest should be added to the judgment from the date that the services were rendered. Appellant states that the only question on appeal is whether or not the lower court, under the record in this case, erred in its refusal to decree interest with its judgment.

Appellant contends that in the absence of an agreement to waive the interest, the law fixes the rights of appellant in this regard, and that the lower court is not invested with power to arbitrarily fix them. He cites and relies on *Rogers* v. *Atkinson,* 152 Ark. 167, 237 S. W. 679. That was a suit on a promissory note for $250 with interest at 10 per cent. per annum from date until paid. The note constituted the contract and expressly provided for interest. The face of the note was for $250, and the jury returned the following verdict: "We, the jury, find for the plaintiff in the sum of $250."

The court said in that case, that the right to recover interest follows as a matter of law, once the right to recover on the note itself is established.

The court quoted with approval the following: "By the weight of authority, when it is undisputed that, if a party is entitled to a verdict, he is entitled to interest, and the jury brings in a verdict for the principal sum without mentioning interest and this is a mere matter of computation, the court may correct the verdict by adding interest."

As we have said, the contract in the case of *Rogers* v. *Atkinson, supra,* was for $250 and interest. The agreement between the parties in the instant case is as follows: "It is by consent of counsel and parties agreed that the plaintiff is entitled to judgment on said account in the sum of $3,000, and that said amount sued on herein is correct to the extent of $3,000." Nothing was said about interest.

Where a suit was based on an account, the amount claimed being $193.22, for which amount the jury returned a verdict, no reference being made to any interest, the Oklahoma court said: "The court, so far as we are able to determine from the transcript, rendered judgment for $22.46 interest in addition to the amount of the verdict. This the court was without authority to do. * * * There is nothing in the record to indicate that the jury did not, in the assessment of damages, include the total amount that they deemed the defendant in error entitled to, and, in the absence of any indication to the contrary, the presumption is that they included in their award of damages, every element that the landowner was entitled to." *Wyant* v. *Beavers,* 63 Okla. 68, 162 Pac. 732.

In a later case decided by the Supreme Court of Oklahoma, the court said, quoting from *Wyant* v. *Beavers, supra*: "The judgment of the court must follow the verdict, and where the verdict is general and for a sum in gross, and the question of interest was not reserved by the court, and there is nothing in the record to indicate that the jury omitted interest, it will be presumed that it is embraced in the amount on their finding, and the court cannot add interest to the amount found by the verdict of the jury." *Enterprise Seed Co.* v. *Leonard Seed Co.,* 96 Okla. 122, 220 Pac. 633.

In the instant case the parties agreed on a judgment for $3,000. This was a contract; a contract for $3,000 and not a contract for $3,000 and interest. Where a suit was brought in replevin for an automobile, the verdict of the jury, after finding the defendant to be entitled to the possession of the automobile, concluded as follows: "And we do find the value of said automobile to be $700." There was no special mention of interest. In entering up the alternative money judgment, the clerk added interest.

The court said: "Although interest upon the value of the property from the date of the unlawful taking or detention to the date of the verdict is allowable as an element of damage, like all other elements of damage,

such interest or its equivalent, if the latter be the measure appropriate to the property in controversy, is to be ascertained by the jury and assessed in the verdict. The clerk was therefore without authority to include in the alternative money judgment, interest from the date of the institution of the suit to the date of the judgment upon the value of the automobile as found and fixed by the jury, and the judgment is to that extent erroneous." *Cary & Co.* v. *Hyer,* 91 Fla. 322, 107 So. 684.

In a case where the jury assessed damages for the plaintiff in the sum of $542.62, and there was no specific mention of interest, the court said: "Although interest upon the amount found to be due by the jury, from the due date to the date of the verdict, is allowable as an element of damage, like all other elements of damage it must be ascertained by the jury and assessed in the verdict." *Shoup* v. *Waits,* 107 So. 769.

Instead of submitting the question here to the jury, the parties agreed on the amount. They agreed that judgment should be entered for $3,000. They did not mention interest. Moreover it would be practically impossible, in a lengthy account like the one sued on, to say just what items were considered by the parties, and it would therefore be impossible to say for what length of time interest should be calculated, and on what particular items, but, even if the items are named, and the dates known, still, when the gross amount is agreed on, nothing could be added to it by the court.

"Had the jury found for the appellee the entire amount for which he sued, and dismissed appellant's counterclaim and set-off, his position about being entitled to interest from April, 1919, might be sound. But the verdict of the jury is unquestionably a balancing of accounts. It credited the appellee's claim by what it found for appellant on his counterclaim and set-off. The balance which it found for appellee was what it thought the appellant then owed him, and necessarily must have taken into account all matters of proper debit and credit

appearing in the lawsuit. Interest was such a matter of proper debit and credit. Hence on the verdict of the jury, appellee was entitled to interest only from the date of judgment.'' *Parsley* v. *Parsley*, 224 Ky. 254, 6 S. W. (2d) 234.

In the instant case there was a lengthy account containing many items, and doubtless the parties considered and took into account all matters of debit and credit, and the amount agreed on, $3,000, must necessarily have taken into account all matters involved in the lawsuit.

''Judgment of this kind is to be distinguished from judgment by default; its special characteristics being the settlement between the parties of the terms, amount, or conditions of the judgment to be rendered.'' 34 C. J. 129.

''Consent excuses error and ends all contention between the parties. It leaves nothing for the court to do, but to enter what the parties have agreed upon, and when so entered, the parties themselves are concluded.'' *Schmidt* v. *Oregon Gold Mining Co.*, 28 Ore. 9, 40 Pac. 406, 52 A. S. R. 759.

In the instant case, the parties had consented to judgment for $3,000, and there was nothing for the court to do but to enter what the parties had agreed upon.

The decree is affirmed.