BUDGET TIRE & SUPPLY CO., et al. *v.* FIRST NATIONAL
BANK of Fort Smith, et al.

CA 94-504                                              920 S.W.2d 856

Court of Appeals of Arkansas
En Banc
Opinion Upon Denial of Rehearing delivered May 8, 1996
Dissenting Opinion delivered May 8, 1996

MELVIN MAYFIELD, Judge. By opinion dated December 20,
1995, this court dismissed the appellants' appeal in this case. *See* 51
Ark. App. 188, 912 S.W.2d 938 (1995). The appellants have filed a
petition for rehearing, and the court has denied the petition. I
dissent.

I also dissented from the opinion that dismissed the appeal in
the first instance; however, I want to more fully explain my position
by this present dissent.

I start by pointing out that the majority opinion which dis-
missed the appeal did so on the basis that the appellants filed their
appeal from "the final order entered in this case on January 26,
1994," and the majority opinion held that this order was "simply
the chancellor's confirmation and approval of a commissioner's
report of the sale of real and personal property in foreclosure."

The majority opinion then stated that the foreclosure sale
followed the entry of a *consent* decree entered on November 16,
1993, in a suit which had been consolidated with this suit.

The majority opinion then stated that the November 16,
1993, *consent* decree gave judgment in rem against certain real and
personal property but that ownership of a few of the items of
personal property had also been determined in a previous order in
that case entered on April 30, 1993.

Then the majority opinion stated that the appellants' argument
in the present appeal "is based upon alleged errors in the April 30,
1993, decision" and "in order to determine whether appellants
should have filed a notice of appeal within thirty days of the April
30, 1993, decision, it is first necessary to decide whether that decree
was a final order."

The majority opinion then discussed the elements necessary to constitute a final judgment or decision and concluded that "the April 30, 1993, decision was not a final order for purposes of appeal" because all the claims in the consolidated case remained for trial.

Then the majority opinion stated: "Next, it is necessary to determine whether the November 16, 1993, consent decree was final for purposes of appeal." The opinion said that a decree granting foreclosure and placing the court's directive into execution is final and appealable and it would be necessary to file a notice of appeal within thirty days from the entry of such an order but that a decree confirming a foreclosure sale is also a "separate, final, and appealable order, and a notice of appeal must also be given within thirty days of that decree."

The majority opinion then administered the *coup de grace* with the following conclusion:

> We therefore hold that the April 30, 1993, decision was not a final order from which appellants should have filed a timely notice of appeal. However, the only issues for which a timely appeal has been taken relate to the confirmation and approval of the report of the foreclosure sale, and appellants have not alleged error in that sale. Because appellants did not file their notice of appeal within thirty days from the entry of the November 16, 1993, *consent* decree, which was final and appealable, this court lacks jurisdiction to hear this appeal. [Emphasis added.]

The point in the appellants' petition that I want to discuss first is that the November 16, 1993, decree, which the majority opinion says is the final and appealable order from which the appellants should have appealed, was a *consent* decree. The appellants' petition for rehearing states that "Arkansas has never allowed an appeal from a consent decree before this case." They cite *Saleski v. Boyd*, 32 Ark. 74 (1877), and *Martin v. Houck*, 79 Ark. 95, 94 S.W. 932 (1906), for this proposition. *See also The McCall Company v. Smith*, 117 Ark. 118, 173 S.W. 845 (1915), and *Cave v. Smith*, 101 Ark. 348, 142 S.W. 508 (1912). They also point out that Rule 2 of the Arkansas Rules of Appellate Procedure does not specifically mention consent decrees but that Rule 54(a) of the Arkansas Rules of Civil Proce-

dure provides that judgment "as used in these rules includes a decree and any order from which an appeal lies." Because it does not appear that an appeal may be taken from a consent decree, I would hold that the appeal from the January 26, 1994, decree was a viable appeal in this case.

In the second place, I agree with the appellants' argument that they are not attempting to appeal from the November 16, 1993, decree granting foreclosure, but their appeal from the January 26, 1994, decree brings up for review any intermediate order (which would include the April 30, 1993, order) involving the merits and necessarily affecting the orders and rulings in that separate but consolidated case. *See* Arkansas Rules of Appellate Procedure 2(b).

I would grant rehearing and address the merits of the points raised on appeal.