Robert Morgan LAWSON *v.*
Marsha Kay Lawson MADAR

CA 01-372                                    60 S.W.3d 497

Court of Appeals of Arkansas
Division I
Opinion delivered November 28, 2001

*Kearney Law Offices*, by: *John L. Kearney*, for appellant.

One brief only.

JOHN E. JENNINGS, Judge. Marsha Madar and Robert Lawson were divorced in 1985, and custody of the parties' two children was awarded to the wife. In September 1998, the wife filed a petition for citation of contempt alleging that Mr. Lawson was behind in paying child support. The court held a hearing in November 1998. At the conclusion of the hearing the parties asked the court to hold off making its decision pending their settlement negotiations.

On August 24, 2000, the chancellor entered an agreed order based on the parties' settlement of all issues finding Mr. Lawson in contempt and awarding a money judgment to Mrs. Madar for past

due child support. The order was entered *nunc pro tunc* to November 20, 1998. Mr. Lawson now appeals from that order, raising a variety of issues relating to the proof before the trial judge at the 1998 hearing, and alleging error in the misapplication of certain presumptions of law. We find no error and affirm.

■ ■ Clearly the decree in the case at bar was a consent decree. Appellant does not contend that the order does not accurately reflect the agreement of the parties. In discussing a decree by consent in *Martin v. Houck Music Co.*, 79 Ark. 95, 94 S.W. 932 (1906), the supreme court said, "[t]hat being so, defendant has no right to ask us to reverse that decree. If there was error in that decree, it was error invited by the defendant." The court's decision in *Martin* was in accord with current general law:

> A party is not aggrieved by a judgment, order, decree, or ruling regularly rendered or made, on agreement or otherwise, with his express or implied consent, therefore he cannot appeal or sue out a writ of error to review it. . . . A party consenting to a judgment is conclusively presumed to have waived all errors, except those going to the jurisdiction of the court.

4 C.J.S. *Appeal and Error* § 189. Consent, it is said, excuses error and ends all contention between the parties. *Vaughan v. Brown*, 184 Ark. 185, 40 S.W.2d 996 (1931); *McIlroy Bank & Trust v. Acro Corp.*, 30 Ark. App. 189, 785 S.W.2d 47 (1990) (overruled in part, on other grounds, in *Carden v. McDonald*, 69 Ark. App. 257, 12 S.W.3d 643 (2000)). Appellant cannot agree to the entry of an order and then contend on appeal that the trial court erred in entering it.

Affirmed.

BIRD and ROAF, JJ., agree.